# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATSUKAWA CO., LLC (n/k/a MATSUKAWA CO., LTD), individually and on behalf of all others similarly situated, <br><br>     Plaintiffs, <br><br>     v. <br><br> BRASKEM S.A., ROBERTO LOPES PONTES SIMÕES, FERNANDO MUSA, and PEDRO VAN LANGENDONCK TEIXEIRA DE FREITAS, <br><br>     Defendants. | Case No. 2:20-cv-11366-CCC-ESK <br><br> Hon. Claire C. Cecchi, U.S.D.J. <br> Hon. Edward S. Kiel, U.S.M.J. <br><br> **STIPULATION AND AGREEMENT OF SETTLEMENT** |

This Stipulation and Agreement of Settlement, dated December 15, 2022 (the "Settlement" or the "Stipulation"), is made and entered into and between Matsukawa Co., Ltd. ("Lead Plaintiff"), on behalf of itself and each of the Settlement Class Members (as defined below),  and Braskem, S.A. ("Braskem"),  Roberto Lopes Pontes Simões ("Simões"), Fernando Musa ("Musa"), and Pedro van Langendonck Teixeira de Freitas ("Freitas") (collectively "Defendants"), by their undersigned counsel and subject to the approval of the United States District Court for the District of New Jersey, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure.

This Settlement is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Released Claims as against the Released Parties and result in the complete dismissal of this Action (as those terms are defined below) with prejudice, upon and subject to the terms and conditions herein.

## RECITALS

A.     All terms with initial capitalization not otherwise defined in this Stipulation shall have the meanings ascribed to them in paragraph 1 below.

B.     On August 25, 2020, plaintiff Claudio Coutinho filed a class action complaint in the United States District Court for the District of New Jersey on behalf of a putative class of purchasers of Braskem ADRs between May 6, 2016 and July 8, 2020.

C.     On January 15, 2021, the District Court appointed Matsukawa Co. LLC and Rainer Senn to serve as co-lead plaintiffs.

D.     On April 28, 2021, Matsukawa Co. Ltd.[1] filed the Amended Class Action Complaint (the "Amended Complaint") asserting securities fraud claims against Braskem, Simões, Musa, and Freitas on behalf of a putative class of purchasers of Braskem ADRs between March 21, 2019 and July 8, 2020.

E.     After investigation, co-lead plaintiff Rainer Senn declined to assert claims in this Action as part of the Amended Complaint.

F.     On June 28, 2011, Defendants moved to dismiss the Amended Complaint. Lead Plaintiff filed its opposition to the motion to dismiss on August 27, 2021. Defendants thereafter filed a Reply in Support of Defendant's Motion to Dismiss on October 11, 2021.

G.     On February 18, 2022, oral argument was scheduled on the then-pending motions to dismiss.

H.     Thereafter, the parties agreed to participate in settlement negotiations.

I.     On March 31, 2022, the District Court adjourned oral argument without date in light of the ongoing settlement discussions.

---

[1] Matsukawa Co., Ltd. was formerly Matsukawa Co. LLC.

J.        On August 9, 2022, following settlement negotiations, the parties agreed, in principle, to settle all claims of the Settlement Class (as defined below) for $3 million, subject to the negotiation of a mutually acceptable written settlement agreement and Court approval. Although Mr. Senn did not purchase or sell Braskem ADRs during the Class Period (as defined below) and is therefore not a part of the Settlement Class (as defined below), he withdrew his claims arising out of his transactions in Braskem ADRs prior to the filing of the Amended Complaint and has represented to Co-Lead Counsel that he has no intention of asserting any claims in this Action (as defined below).

K.        Defendants deny any liability to Lead Plaintiff, Settlement Class, and any other investor in Braskem ADRs, and this Settlement shall in no event be construed or deemed to be evidence of an admission or concession on the part of any Defendant with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have asserted.

L.        This Settlement shall not be construed or deemed to be a concession by Lead Plaintiff, or any Settlement Class Member, of any infirmity in the claims asserted in this Action.

M.        Co-Lead Counsel have conducted an extensive investigation into the claims and the underlying events and transactions alleged in the Complaint, including the maximum amount of damages recoverable. Based upon this investigation, and taking into consideration the immediate and significant monetary benefit the Settlement Class Members will receive from the Settlement, weighed against the risks of litigation, the Lead Plaintiff and Co-Lead Counsel have concluded that the terms and conditions of this Settlement, as embodied herein, are fair, reasonable, and adequate to Lead Plaintiff and to the other Settlement Class Members, and in their best interests,

and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of this Settlement.

NOW THEREFORE, without any admission or concession of any liability or wrongdoing or lack of merit in the defenses whatsoever by Defendants, and without any admission or concession on the part of Lead Plaintiff of any lack of merit of the Action whatsoever, it is hereby STIPULATED AND AGREED, by and among the Settling Parties, through their respective counsel, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that all Released Claims as against the Released Parties and all Settled Defendants' Claims, shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the following terms and conditions and in consideration for the benefits provided herein to the Settling Parties:

## DEFINITIONS

1.     As used in this Settlement the following terms shall have the meanings specified below:

a.     "Action" means the consolidated action pending in this Court under the caption *Coutinho v. Braskem S.A., et al.*, 2:20-cv-11366-CCC-ESK.

b.     "ADR" means American Depositary Receipts, as that term is used by the United States Securities and Exchange Commission in Exchange Act Release No. 34-29226 (May 23, 1991), which construes the term to refer to both American depositary receipts and corresponding American depositary shares.

c.     "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator that satisfies all the requirements set forth on the Proof of Claim Form in accordance with the requirements established

by the Court, and who, subject to Court approval, will receive a payment from the Net Settlement Fund.

   d. "Claim" means a completed and signed Proof of Claim Form submitted by a Settlement Class Member, or on their behalf, to the Claims Administrator in accordance with the instructions on the Proof of Claim Form.

   e. "Claimant" means a person or entity that submits a Claim.

   f. "Claims Administrator" means the firm retained by Lead Plaintiff, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer Claims.

   g. "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

   h. "Class Period" means the period from March 21, 2019 through July 8, 2020, both dates inclusive.

   i. "Co-Lead Counsel" means Bernstein Liebhard LLP and Wolf Haldenstein Adler Freeman & Herz LLP.

   j. "Complaint" means the Amended Complaint filed in the Action.

   k. "Court" means the United States District Court for the District of New Jersey.

   l. "Defendants" means Braskem, Simões, Musa, and Freitas.

   m. "Defendants' Counsel" means the law firm of Covington & Burling LLP.

   n. "Effective Date" means the first date by which all of the following shall have occurred: (1) the Court has entered the Preliminary Approval Order, substantially in the form

annexed hereto as Exhibit A; (2) the Settlement Amount has been paid into the Escrow Account; (3) the Court has approved all the material terms set forth in this Stipulation and the proposed settlement embodied herein, following the provision of Settlement Notices to the Settlement Class and a Final Approval Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (4) the time to exercise the termination rights provided in this Settlement have expired or otherwise been waived; and (5) the Court has entered the Judgment, substantially in the form annexed hereto as Exhibit B, which has become Final.

o.      "Escrow Account" means one or more accounts located at the Escrow Agent that are maintained to hold the Settlement Fund, which accounts shall be created, controlled, and maintained exclusively by Co-Lead Counsel, acting as agent for Lead Plaintiff and the Settlement Class, and shall be deemed to be in the custody of the Court and remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned pursuant to the terms of this Settlement and/or further order of the Court.

p.      "Escrow Agent" means Wolf Haldenstein Adler Freeman & Herz, which shall be responsible for overseeing, investing, safeguarding, and distributing the Settlement Fund held in the Escrow Account, pursuant to the terms of this Settlement and any orders entered by the Court, and acting as agent for Lead Plaintiff and the Settlement Class.

q.      "Final" when referring to an order or judgment means: (l) that the time for appeal or appellate review of the order or judgment has expired, and no appeal has been taken; or (2) if there has been an appeal, (i) that the appeal has been decided by all appellate courts without causing a material change in the order or judgment; or (ii) that the order or judgment has been upheld on appeal and is no longer subject to appellate review by further appeal or writ of *certiorari*.

r.      "Final Approval Hearing" means the hearing set by the Court in the Preliminary Approval Order pursuant to Rule 23(e) of the Federal Rules of Civil Procedure to consider, among other things, approval of the Settlement.

s.      "Judgment" means the proposed order and final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court pursuant to Rule 54(b) of the Federal Rules of Civil Procedure approving the Stipulation and the proposed settlement embodied herein.

t.      "Lead Plaintiff" means Matsukawa Co., Ltd. (formerly Matsukawa Co. LLC).

u.      "Litigation Expenses" means the reasonable costs and expenses incurred by Co-Lead Counsel in connection with commencing and prosecuting the Action, for which Co-Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund. Litigation Expenses may also include reimbursement of the reasonable costs and expenses (including lost wages) of Lead Plaintiff in accordance with 15 U.S.C. § 78u-4(a)(4).

v.      "Net Settlement Fund" means the Settlement Fund less: (1) any Taxes; (2) any Notice and Administration Costs; and (3) any attorneys' fees and Litigation Expenses awarded by the Court.

w.      "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, substantially in the form attached hereto as Exhibit A-1, which is to be sent to members of the Settlement Class who request such Notice after receiving the Postcard Notice.

x.      "Notice and Administration Costs" means (1) the costs, fees, and expenses that are reasonably incurred by the Claims Administrator, as described herein and in the Preliminary Approval Order, in connection with (i) providing Postcard Notice and Notice to the

Settlement Class and (ii) administering the claims process; (2) any Tax Expenses incurred by the Claims Administrator; and (3) the costs, fees, and expenses that are reasonably incurred by the Escrow Agent.

y.     "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund prepared by Co-Lead Counsel, in conjunction with Lead Plaintiff's damages consultant, as set forth in the Notice (or any other plan for the allocation of the Net Settlement Fund among Authorized Claimants that Co-Lead Counsel may propose), that the Court may approve.

z.     "Postcard Notice" means the form, substantially in the form attached hereto as Exhibit A-4, which is to be sent to members of the Settlement Class.

aa.     "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and the proposed settlement embodied therein.

bb.     "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit A-3, that a Settlement Class Member must complete should that Settlement Class Member seek to share in a distribution of the Net Settlement Fund, subject to entry of a Plan of Allocation and a Class Distribution Order that have both become Final.

cc.     "Released Claims" means any and all claims, debts, demands, rights, or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, penalties, expenses or liability whatsoever, whenever or wherever incurred), whether based on federal, state, local, foreign, statutory, or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured,

whether class, individual, or otherwise in nature, whether personal or subrogated, whether suspected or unsuspected, including both known claims and Unknown Claims, (1) that have been asserted in this Action against any of the Released Parties, or (2) that have been or could have been asserted in this Action or any forum by Lead Plaintiff, or any Settlement Class Member against any of the Released Parties which in any way, directly or indirectly, arise out of, are related to, or are based upon (i) the purchase, sale, transfer, or acquisition of Braskem ADRs before or during the Class Period and (ii) any allegations, transactions, facts, matters or occurrences, representations or omissions that were or could have been alleged, involved, set forth, or referred to in any of the complaints in this Action, including (without limitation) any alleged misrepresentation or omission concerning (a) Braskem's alleged role in causing alleged earthquakes, ground subsidence, or other geological events in Alagoas, Brazil, (b) any related liabilities, (c) any related investigations or proceedings, or (d) any actual or potential impact of the foregoing on the Company's salt mining operations or financial condition. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement or its terms.

        dd.    "Released Claim" means any one of the Released Claims.

        ee.    "Released Parties" means the Defendants; each of their respective current and former officers, directors, employees, agents, servants, representatives, parents, subsidiaries, affiliates, controlled persons, controlling persons, successors, predecessors, assigns, assignees, attorneys, accountants, advisors, insurers, family members, and partners; and each of their respective heirs, executors, administrators, legal representatives, successors, and assigns.

        ff.    "Released Party" means any one of the Released Parties.

gg.     "Settled Defendants' Claims" means any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory, or common law, or any other law, rule, or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by Defendants, and all persons and/or entities claiming by, through, or on behalf of them, against Lead Plaintiff, any Settlement Class Member, or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in this Action. "Settled Defendants' Claims" does not include claims by Defendants or the Released Parties relating to the enforcement of the Settlement or its terms.

hh.     "Settlement Amount" means three million U.S. dollars ($3,000,000).

ii.     "Settlement Class" means all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs during the Class Period. Excluded from the Settlement Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Braskem during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Braskem ADRs through or on behalf of any such excluded persons or entities. Also excluded from the Settlement Class are any putative Settlement Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement.

jj.     "Settlement Class Member" means a person or entity that is a member of the Settlement Class and is not otherwise excluded from the Settlement Class pursuant to its definition.

kk.     "Settlement Fund" means the Settlement Amount plus any and all income and gains earned thereon, less any losses incurred thereon, after it is deposited into the Escrow Account.

ll.     "Settling Parties" means Defendants and Lead Plaintiff, on behalf of themselves and the Settlement Class.

mm.    "Settlement Notices" means the Postcard Notice, Notice, and Summary Notice.

nn.     "Summary Notice" means the Summary Notice of Pendency of Class Action and Proposed Settlement, substantially in the form attached hereto as Exhibit A-2, to be published as set forth in the Preliminary Approval Order.

oo.     "Taxes" means any and all taxes, duties, and similar charges (including any estimated taxes, withholdings, interest or penalties, and interest thereon) arising in any jurisdiction with respect to the income or gains earned by or in respect of the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon the Released Parties and/or each of their respective counsel with respect to (1) any income and gains earned by the Settlement Fund for any period during which the Settlement Fund may be finally determined to not qualify as a Qualified Settlement Fund (within the meaning contemplated in ¶ 17 herein) for federal, state or local income tax purposes or (2) any distribution of any portion of the Settlement Fund to Authorized Claimants and other persons entitled hereto pursuant to this Settlement,

excluding any portion of the Settlement Fund returned to Defendants as a result of the termination of this Settlement pursuant to ¶¶ 48-50.

pp.     "Tax Expenses" means any expenses and costs reasonably incurred by the Claims Administrator in connection with determining the amount of, and paying, any Taxes (including, without limitation, reasonable expenses of tax attorneys and/or accountants and/or other advisors, and reasonable expenses relating to the filing of or failure to file all necessary or advisable tax returns).

qq.     "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any of the Settled Defendants' Claims which Defendants do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defendants' Claims, Lead Plaintiff and Defendants stipulate and agree that upon the Effective Date, Lead Plaintiff and Defendants shall each, for themselves and all persons claiming by, through, or on behalf of them, expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and Settlement Class Members and Defendants' successors and assigns, and any persons or entities claiming through or on behalf of

Defendants shall, by operation of law, be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims were separately bargained for and was a material element of this Settlement.

## SETTLEMENT CONSIDERATION

2.      Braskem shall pay or cause to be paid by Defendants' insurer(s) three million U.S. dollars ($3,000,000) into the Escrow Account within 10 business days after the first date on which both (a) the Preliminary Approval Order has been entered by the Court, and (b) Co-Lead Counsel has provided Defendants' Counsel with full and complete account information necessary for such payment (including wiring instructions) and a W-9 form containing a tax identification number for the Settlement Fund. If the Settlement Amount is not deposited into the Escrow Account by such date, Lead Plaintiff reserves the right to either (i) move to enforce the terms of this Settlement, including seeking interest on any unpaid amount; or (ii) terminate the Settlement.

3.      The Settlement Amount as set forth above in ¶ 2 is inclusive of all Co-Lead Counsel's attorneys' fees and Litigation Expenses that may be awarded by the Court, and all Notice and Administration Costs and Taxes, and is the total, full and final amount of all payments to be paid by, or on behalf of, Defendants for the benefit of themselves and the Released Parties, to Lead Plaintiff, Settlement Class Members, Co-Lead Counsel or any other person or entity acting or purporting to act for the benefit of the Settlement Class in this Action, in connection with the Stipulation and the proposed Settlement embodied herein. For the avoidance of doubt, with the exception of Braskem's obligation to pay or cause the payment of the Settlement Amount, Defendants shall have no obligation to pay any amount to or on behalf of the Settlement Class or Co-Lead Counsel; any attorneys' fees or Litigation Expenses of the Settlement Class or Co-Lead Counsel, and any Notice and Administration Costs relating to this Settlement, shall be paid exclusively from the Settlement Fund.  The Settling Parties acknowledge and agree that this

limitation on Defendants' liability for attorneys' fees, Litigation Expenses, and Notice and Administration Costs is a material term of the Settlement.

4.      Immediately upon deposit of the Settlement Amount into the Escrow Account, Defendants and the Released Parties shall have no responsibility for the Settlement Fund, including for any loss of principal.

## CLASS ACTION FAIRNESS ACT OF 2005 ("CAFA") NOTICE

5.      Defendants shall serve any notice of the Settlement required pursuant to CAFA, 28 U.S.C. § 1715(b), (the "CAFA Notice") within the time period set forth in said statute and shall, within three (3) business days after service of such CAFA Notice, certify to Co-Lead Counsel that such service has been made. The Settling Parties agree that they will request, pursuant to 28 U.S.C. § 1715(d), that the Final Approval Hearing be scheduled for no later than ninety (90) days following the deadline for Defendants to serve the CAFA Notice as stated in this paragraph. The parties agree that any delay by Defendants in timely serving the CAFA Notice will not provide grounds for delay of the Final Approval Hearing or entry of the Judgment. Defendants shall be responsible for all costs and expenses related to the creation and service of the CAFA Notice.

## RELEASES

6.      The obligations incurred pursuant to this Settlement shall be in full and final disposition of the Action as against the Defendants, and shall fully and finally release any and all Released Claims as against all Released Parties and shall also release all of the Settled Defendants' Claims. The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any party, except for the payments as expressly provided for herein.

7.      Pursuant to the Judgment, upon the Effective Date, Lead Plaintiff, and each Settlement Class Member, on behalf of themselves, and their respective past and present directors,

officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors, and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged, and dismissed each and every of the Released Claims against the Released Parties; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

8.     Pursuant to the Judgment, upon the Effective Date, each of the Defendants, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives. estate trustees, heirs, executors, administrators, predecessors, successors, and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged, and dismissed each and every of the Settled Defendants' Claims; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Defendants' Claims; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution

or indemnity from Lead Plaintiff, any Settlement Class Member, or Co-Lead Counsel in respect of any Settled Defendants' Claim.

### USE AND TAX TREATMENT OF THE SETTLEMENT FUND

9.      The Settlement Fund shall be held and invested in the Escrow Account as provided in ¶ 10 hereof. Upon the Effective Date, any interest earned on the Settlement Fund shall be for the benefit of the Settlement Class. If the Effective Date does not occur and the Settlement is terminated, the Settlement Fund shall be returned to Defendants pursuant to the terms of ¶ 50 hereof.

10.      The Escrow Agent shall invest any Settlement Funds in excess of $100,000 in United States Agency or Treasury Securities having maturities of 180 days or less, money market mutual funds comprised of investments secured by the full faith and credit of the United States government, or an interest-bearing account insured by the Federal Deposit Insurance Corporation ("FDIC"), and shall collect and reinvest all interest accrued thereon. Any Settlement Funds in an amount equal to or less than $100,000 may be held in an interest-bearing bank account insured by the FDIC. The Released Parties shall have no responsibility for, interest in, or liability with respect to the investment decisions of the Escrow Agent. The Settlement Fund shall bear all risk of loss related to the investment of the Settlement Amount pursuant to the terms set forth in this paragraph.

11.      The Escrow Agent shall not disburse the Settlement Fund from the Escrow Account except as provided in this Settlement. All Settlement Funds held in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Funds are either distributed or returned to Defendants pursuant to the terms and conditions of this Settlement.

12.      Subject to the terms and conditions of this Settlement, the Settlement Fund shall be distributed to pay: (i) Taxes; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and

Litigation Expenses awarded by the Court. The balance remaining in the Settlement Fund (the Net Settlement Fund) after payment of items (i)-(iii), shall be distributed to Authorized Claimants as provided herein.

13.    Prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund up to $100,000 in Notice and Administration Costs actually and reasonably incurred. Prior to the Effective Date, payment by the Escrow Agent of any Notice and Administration Costs exceeding $100,000 shall require notice to, and agreement from, Defendants, through Defendants' Counsel. Subsequent to the Effective Date, without further approval by Defendants, any Released Parties or the Court, the Escrow Agent may pay from the Settlement Fund all reasonable and necessary Notice and Administration Costs in excess of any amount paid prior to the Effective Date. Defendants, Defendants' Counsel, and the Released Parties shall not have any responsibility for, nor any liability with respect to, any Notice and Administration Costs incurred or paid, and shall have no responsibility for, and no liability with respect to, any acts or omissions of the Claims Administrator, Co-Lead Counsel, the Escrow Agent, or their respective agents, with regard to any Notice and Administration Costs.

14.    All Taxes shall be considered to be a cost of administration of the proposed settlement embodied in this Stipulation and shall be timely paid out of the Settlement Fund. The Claims Administrator shall be solely responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund, and the Escrow Agent is authorized to permit the Claims Administrator to withdraw from the Settlement Fund, without prior order of the Court or approval of Defendants, such amounts as are necessary to pay Taxes.

15.    After (i) the Effective Date occurs and (ii) entry by the Court of a Class Distribution Order that has become Final, the Claims Administrator shall, subject to the supervision of Co-Lead

Counsel, distribute the Net Settlement Fund to Authorized Claimants in accordance with the terms of such Final Class Distribution Order; provided, however, that any amounts in the Escrow Account necessary for payment of Taxes, attorneys' fees, and Litigation Expenses awarded by the Court and/or Notice and Administration Costs shall remain in the Escrow Account for such purpose. The Escrow Agent is authorized to permit the Claims Administrator to make the foregoing distributions.

16.     If all conditions of the Settlement are satisfied and the Effective Date has occurred, no portion of the Settlement Fund will be returned to Braskem, irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund. If any portion of the Net Settlement Fund remains following distribution pursuant to ¶ 29 and is of such an amount that in the determination of the Claims Administrator, in consultation with Co-Lead Counsel, it is not cost-effective or efficient to redistribute such amount to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to a nonsectarian charitable organization(s) certified as tax-exempt under United States Internal Revenue Code Section 501(c)(3), as approved by the Court.

17.     The Settling Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Section 4688 of the Internal Revenue Code of 1986, as amended (the "Code") and Treasury Regulation § 1.468B-1. The Settling Parties shall cooperate with each other and shall not take a position in any filing or before any tax authority inconsistent with such treatment. The Claims Administrator shall make reasonable efforts to ensure that the Settlement Fund at all times complies with applicable provisions of the Code and Treasury regulations in order to maintain its treatment as a Qualified Settlement Fund. To this end, the

Judgment shall provide that the Settlement Fund is approved by the Court as a Qualified Settlement Fund and the Claims Administrator shall make reasonable efforts to ensure that the Escrow Agent complies with all applicable provisions of the Code and Treasury regulations in order to maintain the treatment of the Settlement Fund as a Qualified Settlement Fund. The Settling Parties agree that the Claims Administrator, as "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Such returns shall be consistent with this paragraph and in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be paid out of the Settlement Fund as provided by ¶ 14 herein. Upon written request, Braskem will provide to the Claims Administrator the statement described in Treasury Regulation § 1.468B-3(e). The claims Administrator, as "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation-back election," as described in Treasury Regulation § 1.468B-l(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

18.     The taxable year of the Settlement Fund shall be the calendar year in accordance with Treasury Regulation § 1.468B-2(j). The Settlement Fund shall use an accrual method of accounting within the meaning of Section 446(c) of the Code.

19.     All tax returns prepared by the Claims Administrator for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous ¶¶ 17 and 18 and in all

events shall reflect that all Taxes on the income and gains earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

20.     The Released Parties shall not have any responsibility for, and no liability with respect to, payment of any Taxes, and shall have no responsibility for, and no liability with respect to, the acts or omissions of the Claims Administrator, Co-Lead Counsel, the Escrow Agent, or their agents, with regard to Taxes. Defendants and Defendants' Counsel shall notify the Escrow Agent promptly if they receive any notice of any claim for Taxes relating to the Settlement Fund, but shall otherwise have no responsibility for, or liability with respect to, the administration or distribution of the Settlement Fund or any related acts or omissions of the Claims Administrator, Co-Lead Counsel, or the Escrow Agent. The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the terms of this Settlement with regard to Taxes.

## CLASS CERTIFICATION

21.     Solely for purposes of this Stipulation and the Settlement embodied herein and for no other purposes, the Settling Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) certification of Lead Plaintiff as class representative; and (c) appointment of Co-Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Following execution of this Settlement, Lead Plaintiff shall apply to the Court for entry of the Preliminary Approval Order, which will certify the Action to proceed as a class action solely for purposes of the Stipulation and the proposed Settlement embodied herein and for no other purposes.

**PLAN OF ALLOCATION**

22.     Subject to entry by the Court of a Class Distribution Order that becomes Final, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with a Plan of Allocation, provided that such Plan of Allocation, after appropriate notice thereof to the Settlement Class, has been approved by the Court in an order that has become Final.

23.     Defendants, the Released Parties, and Defendants' Counsel shall have had no role in the preparation of the Plan of Allocation and shall take no position with respect thereto. Neither Defendants nor the Released Parties shall have any responsibility or liability whatsoever for the Plan of Allocation.

24.     The Plan of Allocation is a matter separate and apart from the proposed settlement between the Settling Parties as embodied in this Stipulation. The Plan of Allocation is not a necessary or material term of this Settlement and it is not a condition of this Settlement that any Plan of Allocation be approved by the Court or that any order approving a Plan of Allocation becomes Final. Any order by the Court or any appellate court with respect to a Plan of Allocation shall not preclude the Judgment from being deemed Final nor shall it prevent the Effective Date from occurring. None of the Settling Parties may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to a Plan of Allocation.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

25.     Co-Lead Counsel may apply to the Court for an award from the Settlement Fund of attorneys' fees and Litigation Expenses. Attorneys' fees and Litigation Expenses are not the subject of any agreement between the Settling Parties other than what is set forth in this Settlement.

26.     The Released Parties will take no position on Co-Lead Counsel's request for attorneys' fees or Litigation Expenses, and shall have no responsibility for, and no liability with respect to, the attorneys' fees or Litigation Expenses that the Court may award.

27.     The procedure for and amounts of any award of attorneys' fees and Litigation Expenses, and the allowance or disallowance by the Court thereof, are not necessary or material terms of this Settlement and are not a condition of this Settlement. Co-Lead Counsel shall request that its application for an award of attorneys' fees and Litigation Expenses be considered by the Court separately from (but not prior to) the Court's consideration of the fairness, reasonableness, and adequacy of the proposed settlement embodied herein. Any order or proceedings relating to Co-Lead Counsel's request for attorneys' fees or Litigation Expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not preclude the Judgment from being deemed Final nor shall it prevent the Effective Date from occurring. None of the Settling Parties may cancel or terminate the Settlement based on the Court's or any appellate court's ruling with respect to the amount of attorneys' fees and Litigation Expenses awarded to Co-Lead Counsel.

28.     Within three (3) business days after entry by the Court of an order awarding Co-Lead Counsel's attorneys' fees and Litigation Expenses (the "Fee and Expense Order"), any awarded attorneys' fees and Litigation Expenses shall be paid to Co-Lead Counsel from the Escrow Account by the Escrow Agent, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or the Fee and Expense Order. In the event that the Effective Date does not occur or the Settlement is terminated pursuant to its terms, or if, as the result of any appeal or further proceedings on remand, or successful collateral attack, the Fee and Expense Order is reversed or modified pursuant to a Final court order and attorneys' fees and Litigation Expenses have been paid out of the Escrow Account to any extent, then Co-Lead Counsel shall be obligated and do hereby agree, within ten (10) business days after receiving notice of the foregoing from Defendants' Counsel or from a court of appropriate jurisdiction, to refund

to the Escrow Account such attorneys' fees and Litigation Expenses that have been paid, plus interest thereon at the same rate as would have been earned had those sums remained in the Escrow Account.

## ADMINISTRATION OF THE SETTLEMENT

29.     The Claims Administrator, subject to the supervision of Co-Lead Counsel and the jurisdiction of the Court, shall administer and calculate the Claims submitted by Claimants, oversee distribution of the Net Settlement Fund to Authorized Claimants pursuant to a Plan of Allocation approved by the Court in an Order that has become Final and subject to a Class Distribution Order entered by the Court that has become Final, and perform all claims administration procedures necessary or appropriate in connection therewith.

30.     Other than Braskem's obligation to furnish its shareholder lists, as provided herein, none of the Released Parties shall have any responsibility for, involvement in, or liability for providing the Settlement Notices to the Settlement Class, the administration of the Settlement or the Claims process, the reviewing or challenging of Claims of Claimants, the implementation of the Plan of Allocation as approved by the Court or the distribution of funds from the Net Settlement Fund. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

31.     Within ten (10) days following the entry of the Preliminary Approval Order, Braskem shall make reasonable efforts to provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Co-Lead Counsel or the Claims Administrator) lists of record holders of Braskem ADRs during the Class Period, to the extent such lists are maintained by its stock transfer agent and reasonably available to Braskem upon request. The lists shall be provided in electronic form or such other form as is reasonably available to Braskem.

32.     The Claims Administrator shall mail the Postcard Notice to those Settlement Class Members who may be identified through the records maintained by or on behalf of Braskem; shall mail the Notice to those Settlement Member who request such Notice; and shall publish the Summary Notice, pursuant to the terms of the Preliminary Approval Order.

33.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's share of the Net Settlement Fund based upon the Plan of Allocation approved by the Court. The Claims Administrator, subject to the supervision of Co-Lead Counsel, shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

34.     Neither Defendants nor any other Released Party shall be permitted to review, contest, or object to any Claim or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.

35.     Any Settlement Class Member who does not timely submit a valid Claim by the deadline set by the Court in the Preliminary Approval Order will not be entitled to receive any distribution from the Net Settlement Fund but will nevertheless be bound by all of the terms of this Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim or, other proceeding of any kind against any Released Party concerning any Released Claim.

36.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

a.     Each Settlement Class Member shall be required to submit a Proof of Claim Form, substantially in the form attached hereto as Exhibit A-3, supported by such documents as

24

are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

b.      All Proof of Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notices, unless such deadline is extended by Order of the Court. Any Settlement Class Member who fails to submit a Proof of Claim Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Settlement (unless, by Order of the Court, late-filed Claims are accepted), but shall in all other respects be bound by all of the terms of this Settlement. including the terms of the Judgment and the releases provided for therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Party concerning any Released Claim. A Proof of Claim Form shall be deemed to be submitted when posted, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions set forth on the Proof of Claim Form;

c.      Each Proof of Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Co-Lead Counsel, who shall determine in accordance with this Settlement the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

d.      Proof of Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, by mail, first class postage pre-paid, to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim Form submitted within a period of twenty (20) days after such notice has been mailed. The Claims Administrator, under supervision of

25

Co-Lead Counsel, shall notify, in a timely fashion and in writing, by mail, first-class postage pre-paid, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below within twenty (20) days following the mailing of such notice by the Claims Administrator;

e.      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within the timeframe stated in the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court; and

f.      The administrative determinations of the Claims Administrator accepting and rejecting Claims shall be presented to the Court, on notice to Defendants' Counsel, for approval by the Court in the Class Distribution Order.

37.      By submitting a Claim, a Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claim, including, but not limited to, the releases provided for in the Judgment, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of their Claim. No discovery shall be allowed on the merits of this Action or this

Settlement in connection with the processing of Proof of Claim Forms. Defendants shall have no right to take any such discovery nor any responsibility to provide such discovery.

38.     The Net Settlement Fund shall be distributed to Authorized Claimants by the Claims Administrator only after the later of the Effective Date having occurred; the Court having approved a Plan of Allocation in an order that has become Final; and the Court issuing a Class Distribution Order that has become Final.

39.     Co-Lead Counsel will apply to the Court, with reasonable notice to Defendants, for a Class Distribution Order, *inter alia*: (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding Notice and Administration Costs from the Escrow Account (except to the extent that Court approval is not required as specified herein); and (iii) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account in specified increments until, in the determination of the Claims Administrator, in consultation with Co-Lead Counsel, it is no longer economically feasible to distribute the remaining funds, at which time any such remaining funds, after payment of any further Notice and Administration Costs and Taxes, shall be donated to a nonsectarian charitable organization(s) certified as tax-exempt under United States Internal Revenue Code Section 501(c)(3), as approved by the Court; and (iv) such other relief as appropriate.

40.     Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Settlement Class Members. All Settlement Class Members who did not submit a Claim or whose Claim was not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but shall be bound by all of the terms of this Settlement, including the terms of the Judgment and the releases provided for therein, and will be

permanently barred and enjoined from bringing any action against any Released Party concerning any Released Claim.

41. All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

42. Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any Settlement Class Member may appear at the Final Approval Hearing and show cause why the Stipulation, and the proposed settlement embodied herein, should or should not be approved as fair, reasonable, and adequate and in the best interests of the Settlement Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Co-Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses.

43. Pursuant to the terms and subject to the conditions set forth in the Preliminary Approval Order, any putative Settlement Class Member may request to be excluded from the Settlement Class by submitting a request for exclusion containing all of the information required in the Preliminary Approval Order or the Notice, including (without limitation) documentation sufficient to show all purchases or sales of Braskem ADRs by or on behalf of such Settlement Class Member during the Class Period. Unless the Settling Parties agree in writing to waive any defect, lateness, or other deficiency, a request for exclusion will be deemed invalid unless all of the information required by the Preliminary Approval Order or the Notice is submitted by the deadline set forth in the Preliminary Approval Order.

44.     The Claims Administrator shall scan and electronically send copies of all requests for exclusion in .pdf format (or such other format as shall be agreed) to Defendants' Counsel and to Co-Lead Counsel expeditiously (and not more than two (2) days) after the Claims Administrator receives such a request.

## PRELIMINARY APPROVAL OF THE SETTLEMENT

45.     Promptly after execution of this Settlement, Lead Plaintiff, by and through Co-Lead Counsel, with Defendants' consent, shall submit this Settlement together with the exhibits annexed hereto to the Court and shall move for entry of the Preliminary Approval Order, among other things, preliminarily approving the Stipulation and the settlement embodied herein, approving the contents and method of distribution of the Settlement Notices, approving the contents of the Proof of Claim Form, and setting a date for the Final Approval Hearing.

## JUDGMENT APPROVING THE SETTLEMENT

46.     Lead Plaintiff, by and through Co-Lead Counsel, with Defendants' consent, shall request that the Court, if it approves the settlement embodied in this Stipulation following the Final Approval Hearing, enter the Judgment, substantially in the form annexed hereto as Exhibit B, pursuant to Rule 54 of the Federal Rules of Civil Procedure.

47.     The Judgment shall contain a bar order, substantially in the form set forth in Exhibit B (the "Bar Order"), that will, upon the Effective Date of the Settlement, permanently bar, extinguish, and discharge any and all claims, actions, suits, cause of action, or demands by any person against the Released Parties, whether for contribution or indemnification or however styled, where the alleged injury consists of or arises from such person's liability to the Settlement Class or any Settlement Class Member for a claim arising out of or related to the allegations in the Action. The Bar Order shall further provide that:

a.      Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

b.      The Released Parties shall be barred from bringing any claim for contribution or indemnification arising out of or related to any Released Claim against any person, other than a person whose liability has been extinguished by the Settlement.

c.      Notwithstanding anything to the contrary herein, the Bar Order shall not apply to: (i) any claims the Defendants or any other Released Party may have against any insurance carrier for advancement of legal fees or indemnification, or (ii) any claims by a Defendant against any party whose liability to the Settlement Class or any Settlement Class Member for a Released Claim has been extinguished by the Settlement.

## TERMINATION RIGHTS

48.     Defendants and Lead Plaintiff each shall have the right to terminate the Settlement by providing written notice to the other of their election to do so within thirty (30) days of the date on which any of the following occur: (a) the Court declines to enter the Preliminary Approval Order in any material respect; (b) the Court refuses to approve this Settlement or any material term hereof; (c) the Court declines to enter the Judgment in any material respect; (d) the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (e) the Settlement Amount is not paid in accordance with the terms of ¶ 2. In addition, Defendants may terminate this Settlement in accordance with ¶ 49. Notwithstanding the foregoing, any decision by the Court or any appeals court with respect to the amount of attorneys' fees or Litigation Expenses or with respect to a Plan of Allocation or a Class Distribution Order, shall not

30

be considered material to this Settlement, shall not preclude the Judgment from being deemed Final and shall not be grounds for termination. In the event this Settlement is terminated, the provisions of ¶¶ 9, 10, 11, 28, 30, 50, and 51 shall survive such termination. The termination rights set forth herein are not intended to limit or impair the Settling Parties' rights under the law of contracts of the State of New York with respect to any breach of this Settlement.

49.     Defendants shall have the option to terminate this Settlement in the event that the aggregate number of total shares of Braskem ADRs purchased during the Class Period by persons or entities who would otherwise be entitled to participate in the Settlement as Settlement Class Members, but who timely and validly request exclusion from the Settlement Class in accordance with the requirements set forth in the Notice, equals or exceeds the threshold (the "Opt-Out Threshold") as calculated pursuant to a separate agreement (the "Supplemental Agreement") executed between Co-Lead Counsel and Defendants' Counsel, which is incorporated by reference into this Settlement. The Opt-Out Threshold may be disclosed *in camera* to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the confidentiality of the Opt-Out Threshold.

50.     Except as otherwise provided herein, in the event this Settlement is terminated, this Stipulation, and the settlement embodied herein, shall be without prejudice, and none of its terms shall be effective or enforceable and the fact of the Settlement shall not be admissible in any trial of this Action, and the Settling Parties shall be deemed to have reverted to their respective status in this Action immediately prior to their agreement, in principle, to settle the Action on August 9, 2022, and will in good faith meet and confer to set a proposed schedule for hearing Defendants' motion to dismiss and any other necessary proceedings, and, except as otherwise expressly

provided, the Settling Parties shall proceed in all respects as if this Settlement and any related orders had not been entered, and any portion of the Settlement Amount previously paid into the Escrow Account, including, but not limited to, any funds disbursed in payment of attorneys' fees and Litigation Expenses, plus interest thereon at the same rate as would have been earned had those funds remained in the Escrow Account, less any amounts for Taxes paid or owing with respect to interest income and/or gains on the Settlement Amount and/or for Notice and Administration Costs actually incurred and paid or payable, shall be returned by Co-Lead Counsel and/or the Escrow Agent to Braskem or its designee within fourteen (14) business days after written notification of such event by Defendants' Counsel to Co-Lead Counsel.

## NO ADMISSION OF WRONGDOING

51.     Whether or not the Settlement, as embodied in this Stipulation, is approved by the Court or consummated, the fact and terms of this Settlement, including this Stipulation and the exhibits annexed hereto and the Supplemental Agreement, all negotiations, discussions, drafts, and proceedings in connection with this Settlement, and any act performed or document signed in connection therewith:

a.      shall not be offered or received against the Released Parties, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the invalidity of any defense that has been or could have been asserted in the Action;

b.      shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party;

c.      shall not be offered or received against Lead Plaintiff or any of the other Settlement Class Members as evidence of any infirmity in the claims of Lead Plaintiff and the other Settlement Class Members;

d.      shall not be construed as an admission by Lead Plaintiff or the other Settlement Class Members that the damages recoverable under the Complaint would not have exceeded the Settlement Amount;

e.      shall not be construed as an admission by any of the Released Parties or Defendants' Counsel, that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial or that any consideration would have been recovered by or on behalf of any Settlement Class Member in this Action; and

f.      shall not be offered or received against the Released Parties, Lead Plaintiff or the other Settlement Class Members in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if the Settlement is approved by the Court, the Released Parties and Settlement Class Members may refer to this Settlement to effectuate any release or protection from liability granted hereunder.

## MISCELLANEOUS PROVISIONS

52.     All of the exhibits attached hereto and the Supplemental Agreement referenced herein are hereby incorporated by reference as though fully set forth herein and are material terms of the Settlement. Notwithstanding the foregoing, in the event that there is a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of this Stipulation shall control.

53.     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by Lead Plaintiff, or any Settlement Class Members

against the Released Parties with respect to all Released Claims. Except in the event of the termination of this Settlement, Lead Plaintiff and Defendants agree not to assert under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis. The Settling Parties agree that the Settlement Amount and the other terms of this Settlement were negotiated at arms' length and in good faith by the Settling Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with their respective experienced legal counsel.

54.    This Settlement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their successors-in-interest.

55.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

56.    The waiver by one Settling Party of any breach of this Settlement by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement.

57.    This Settlement, the exhibits annexed hereto, and the Supplemental Agreement incorporated by reference herein, constitutes the entire agreement among the Settling Parties concerning the Settlement, and no representations, warranties, or inducements have been made to any Settling Party concerning this Settlement other than the representations, warranties, and covenants contained and memorialized in this Settlement.

58.    This Settlement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

59.     Lead Plaintiff agrees that it will use its best efforts to obtain all necessary approvals of the Court required by this Settlement, and Defendants agree to provide such support as may be reasonably requested by Lead Plaintiff or Co-Lead Counsel.

60.     Each signatory to this Settlement represents that he or she has authority to sign this Settlement and any Settlement-related documents on behalf of Lead Plaintiff or Defendants, as applicable, and that such signatory has the authority to take appropriate action required or permitted to be taken pursuant to this Settlement to effectuate its terms.

61.     This Settlement shall be binding upon and shall inure to the benefit of the successors and assigns of the Settling Parties hereto, including all Released Parties and any corporation, partnership, or other entity into or with which any Settling Party hereto may merge, consolidate or reorganize.

62.     The administration, consummation, and enforcement of the settlement as embodied in this Stipulation shall be under the authority of the Court and the Settling Parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders providing for the award of attorneys' fees and Litigation Expenses, the approval of the Plan of Allocation and the Class Distribution Order, and enforcing the terms of this Settlement.

63.     The construction, interpretation, operation, effect, and validity of this Settlement, and all documents necessary to effectuate it, shall be governed by the laws of the state of New York, without regard to choice-of-law principles, except to the extent that federal law requires that federal law govern.

64.     To the extent there are disputes regarding the interpretation of any term of this Settlement, the Settling Parties will attempt to resolve any such dispute in good faith. If the Settling Parties fail to resolve the dispute, or in the event of a breach of the terms of the Settlement, any

non-breaching Settling Party shall be entitled to bring an action seeking to enforce those provisions, and the exclusive forum for any such action shall be this Court.

65.     This Settlement shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arms' length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Settlement.

66.     No opinion or advice concerning the tax consequences of the Settlement to individual Settlement Class Members or any of the Settling Parties or any of the Released Parties is being given or will be given by Co-Lead Counsel and/or Defendants' Counsel; nor is any representation or warranty in this regard made by virtue of this Settlement. Settlement Class Members will be directed to consult their own tax advisors regarding the tax consequences of the Stipulation, and the settlement embodied herein, and any tax reporting obligations they might have with respect to it. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

67.     All time periods set forth in this Settlement shall be computed in calendar days, unless expressly provided otherwise, and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.

68.     Except as otherwise set forth in this Settlement, if any Settling Party is required to give notice to any other Settling Party under this Settlement, such notice shall be in writing and shall be deemed to have been duly given upon (a) receipt of hand delivery; (b) mailing by means

of pre-paid, overnight courier delivery service or (c) sending of electronic mail, provided that no rejection notice occurs and that identical notice is sent by United States Mail, first-class postage pre-paid or pre-paid, overnight courier delivery service. Notice shall be addressed as follows:

| | |
|---|---|
| If to Lead Plaintiff or Co-Lead Counsel: | Bernstein Liebhard LLP<br>10 East 40th Street<br>New York, New York 10016<br>Tel.: (212) 779-1414<br>Fax: (212) 779-3218<br>Attn: Michael S. Bigin<br>bigin@bernlieb.com |
| | Wolf Haldenstein Adler Freeman & Herz LLP<br>270 Madison Avenue<br>New York, NY 10016<br>Tel: (212) 545-4600<br>Fax: (212) 686-0114<br>Attn: Matthew M. Guiney<br>guiney@whafh.com |
| If to Defendants or Defendants' Counsel: | Covington & Burling LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Attn: Mark P. Gimbel<br>mgimbel@cov.com |

IN WITNESS WHEREOF, the Settling Parties hereto have caused this Settlement to be executed, by their duly authorized attorneys as of the date first written above.

BERNSTEIN LIEBHARD LLP

_____/s/ *Michael S. Bigin*_____
Michael S. Bigin (pro hac vice)
Joseph R. Seidman, Jr.
10 East 40th Street
New York, New York 10016
Tel.: (212) 779-1414
bigin@bernlieb.com
seidman@bernlieb.com

*Co-Lead Counsel for Lead Plaintiff and Settlement Class*

COVINGTON & BURLING LLP

_____
David A. Luttinger, Jr.
Mark P. Gimbel (pro hac vice)
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Tel.: (212) 841-1000
dluttinger@cov.com
mgimbel@cov.com

*Counsel for Defendants*

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP

_____
Matthew M. Guiney
270 Madison Avenue
New York, NY 10016
Tel: (212) 545-4600
guiney@whafh.com

*Co- Lead Counsel for Lead Plaintiff and
Settlement Class*

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MATSUKAWA CO., LLC (n/k/a MATSUKAWA CO., LTD), individually and on behalf of all others similarly situated, <br><br>     Plaintiffs, <br><br>     v. <br><br> BRASKEM S.A., ROBERTO LOPES PONTES SIMÕES, FERNANDO MUSA, and PEDRO VAN LANGENDONCK TEIXEIRA DE FREITAS, <br><br>     Defendants. | Case No. 2:20-cv-11366-CCC-ESK <br><br> Hon. Claire C. Cecchi, U.S.D.J. <br> Hon. Edward S. Kiel, U.S.M.J. |

**[PROPOSED] ORDER PRELIMINARILY APPROVING THE SETTLEMENT,
CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE
TO THE CLASS AND SCHEDULING FINAL APPROVAL HEARING**

WHEREAS, Matsukawa Co. Ltd. ( "Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined below) have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the settlement (the "Settlement") of the above-captioned litigation (the "Action") in accordance with the Stipulation and Agreement of Settlement, dated as of December 15, 2022 (the "Stipulation") and for dismissal of the Action with prejudice upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Stipulation provides for the conditional certification of the Settlement Class solely for purposes of the Settlement;

WHEREAS, the Defendants do not oppose Lead Plaintiff's application; and

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Order:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      This order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      The Court preliminarily approves the Stipulation, including the releases contained therein, and preliminarily approves the Settlement as being fair, reasonable, and adequate to the Settlement Class.

3.      Solely for purposes of the Stipulation and the Settlement, the Court hereby certifies a Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure consisting of all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs between March 21, 2019 through July 8, 2020, inclusive, except those persons and entities that timely and validly request exclusion from the class pursuant to and in accordance with the terms herein. Also excluded from the Settlement Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Braskem during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Braskem ADRs through or on behalf of any such excluded persons or entities.

4.      Solely for purposes of the Stipulation and the Settlement and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Lead Plaintiff is appointed as the class representative

and Bernstein Liebhard LLP and Wolf Haldenstein Adler Freeman & Herz LLP are appointed as Co-Lead Counsel for the Settlement Class.

5.      Solely for purposes of the Stipulation and the Settlement, the Court finds that: (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the class representative are typical of the claims of the Settlement Class; (iv) the class representative and Co-Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

6.      If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, the Court's findings in this Preliminary Approval Order supporting certification of the Settlement Class and the appointment of class Representative and Lead Counsel for the Settlement Class shall be null and void and nothing in this Preliminary Approval Order shall prejudice in any way Defendants' ability to oppose class certification, or the appointment of Lead Plaintiff as class representative, on any ground.

7.      The Court approves the form of Notice of Pendency of Class Action and Proposed Settlement (the "Notice") (annexed hereto as Exhibit A-1), the Summary Notice (annexed hereto

as Exhibit A-2), the Postcard Notice (annexed hereto as Exhibit A-4) (together, the "Notices"), and the Proof of Claim Form (annexed hereto as Exhibit A-3), and finds that the procedures established for publication, mailing, and distribution of the Notices substantially in the manner and form set forth in Paragraph 8 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Securities Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7); the Constitution of the United States (including the due process clause); and any other applicable law, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons or entities entitled thereto.

8.      The Court approves the appointment of Strategic Claims as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

a.      No later than twenty-one (21) days after the entry of this Preliminary Approval Order and the Stipulation (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice  substantially in the form annexed hereto as Exhibit A-4, to be mailed by first-class mail, postage prepaid, to those members of the Settlement Class who may be identified through reasonable effort. For the purpose of facilitating notice to the Class, Braskem shall, within ten (10) days following the entry of this Preliminary Approval Order, make reasonable efforts to provide or cause to be provided to the Claims Administrator lists of record holders of Braskem ADRs during the Class Period, to the extent such lists are maintained by its stock transfer agent and reasonably available to Braskem upon request. The lists shall be provided in electronic form or such other form

as is reasonably available to Braskem and at no cost to the Settlement Fund, Co-Lead Counsel or the Claims Administrator;

b.      A summary notice (the "Summary Notice"), substantially in the form annexed hereto as Exhibit A-2, shall be published once in the national edition of *The Investors' Business Daily* and on *PR Newswire* no later than the Notice Date; and

c.      The Postcard Notice, the Notice, the Summary Notice and the Proof of Claim Form shall also be placed on a website dedicated to this Settlement administration on or before the Notice Date.

9.      The Claims Administrator shall make all reasonable efforts to give notice to nominees or custodians who held Braskem ADRs as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Summary Notice and either email the Summary Notice in electronic format or links to the Notice and Claim Form to each beneficial owner for whom they are nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Summary Notice or a link to the Notice and Claim Form, if email addresses are available, or Postcard Notice to such beneficial owners, if last known addresses are provided. If the Claims Administrator receives an email address, it will send a Summary Notice or link to the Notice and Claim Form electronically. Nominees or custodians who elect to email notice or send the Postcard Notice to their beneficial owners shall

send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing of names and addresses, in amounts up to: (i) $0.03 per name and address provided; (ii) $0.03 per email for emailing notice; or (iii) $0.03 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

10.     No later than twenty-eight (28) calendar days prior to the Final Approval Hearing, Co-Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

11.     Pending further order of the Court, all litigation activity, except as contemplated herein, in the Stipulation, in the Notice or in the Judgment, is hereby stayed and all hearings, deadlines, and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

## HEARING: RIGHT TO BE HEARD

12.     The Court will hold a settlement hearing (the "Final Approval Hearing"), on_____

_____, 2023, at _____ [A.M./P.M.],[1] in the United States District Court New Jersey,

Martin Luther King Bldg. & U.S. Courthouse, 50 Walnut Street, Courtroom MLK 5B, Newark,

NJ 07102, for the following purposes: (i) to determine whether the Settlement should be finally

approved as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) to

determine whether the Judgment, in the form attached as Exhibit B to the Stipulation, should be

entered dismissing and releasing the Released Claims (as that term is defined in the Stipulation)

with prejudice; (iii) to rule upon the Plan of Allocation; (iv) to rule upon Co-Lead Counsel's

application for an award of attorneys' fees and reimbursement of Litigation Expenses; and (v) to

consider any other matters that may properly be brought before the Court in connection with the

Settlement.

13.     Papers in support of the Settlement, the Plan of Allocation and Co-Lead Counsel's

application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later

than twenty-eight (28) calendar days prior to the Final Approval Hearing. If an objection is filed

pursuant to Paragraph 14 below, any reply papers shall be filed no later than seven (7) calendar

days before the Final Approval Hearing.

14.     Any member of the Settlement Class may appear at the Final Approval Hearing and

show cause why the proposed Settlement embodied in the Stipulation should or should not be

approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why the

Judgment should or should not be entered thereon, and/or to present opposition to the Plan of

---

[1] The parties have respectfully requested that the Court schedule the Final Approval Hearing no earlier than 100 days from the date it signs this Preliminary Approval Order.

Allocation or to the application of Co-Lead Counsel for attorneys' fees and reimbursement of

Litigation Expenses. However, no Settlement Class Member or any other Person shall be heard or

entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the

Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the

application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation

Expenses, unless that Settlement Class Member or Person (i) has served, by hand or first-class

mail,  written objections including the basis therefor, as well as copies of any papers and/or briefs

in support of his, her or its position upon the following counsel for receipt no later than fourteen

(14) calendar days prior to the Final Approval Hearing:

> **Co-Lead Counsel for the Settlement Class**
> Michael S. Bigin
> Bernstein Liebhard LLP
> 10 East 40th Street
> New York, New York 10016
> Tel.: (212) 779-1414
> Fax: (212) 779-3218
> bigin@bernlieb.com
>
> Matthew M. Guiney
> Wolf Halderstein Adler Freeman & Herz LLP
> 270 Madison Avenue
> New York, NY 10016
> Tel: (212) 545-4600
> Fax: (212) 686-0114
> guiney@whafh.com
>
> **Counsel for the Defendants**
> Mark P. Gimbel
> COVINGTON & BURLING LLP
> The New York Times Building
> 620 Eighth Avenue
> New York, NY 10018
> mgimbel@cov.com

and (ii) filed said objections, papers, and briefs with the Clerk of the United States District Court

for the District of New Jersey no later than fourteen (14) calendar days prior to the Final Approval

Hearing. Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member or Person; (b) a list and documentation of all of the Settlement Class Member's transactions in Braskem ADRs, such as brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Settlement Class Member or Person who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Judgment, to the Plan of Allocation or to the application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in the Notice. By objecting to the Settlement, the Judgment, the Plan of Allocation, and/or the application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, a Settlement Class Member or person shall be deemed to have submitted to the

jurisdiction of this Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims provided for in the Stipulation and the Judgment).

15.     All Settlement Class Members shall be bound by all determinations and  judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class. If the Settlement is approved, all Settlement Class Members will be bound by the Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Settlement Class Members, regardless of whether or not a Settlement Class Member submits a Proof of Claim Form.

16.     Any Settlement Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Co-Lead Counsel.

17.     The Court reserves the right to (a) adjourn or continue the Final Approval Hearing without further notice to Settlement Class Members and (b) approve the Stipulation and Settlement with modification and without further notice to Settlement Class Members. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

## CLAIMS PROCESS

18.     In order to be entitled to participate in the Settlement, a Settlement Class Member must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. To be valid and accepted, Proof of Claim Forms submitted in connection with this Settlement must be postmarked no later than fourteen (14) days prior to the Final Approval Hearing.

19.     Any Settlement Class Member who does not timely submit a valid Proof of Claim Form shall not be eligible to share in the Settlement Fund, but nonetheless shall be barred and enjoined from asserting any Released Claim and shall be bound by any judgment or determination of the Court affecting the Settlement Class Members.

## REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

20.     Any requests for exclusion from the Settlement Class must be submitted for receipt by the Claims Administrator no later than thirty (30) calendar days prior to the Final Approval Hearing. Any Settlement Class Member who wishes to be excluded from the Settlement Class must provide (i) name; (ii) address; (iii) telephone number; (iv) the date of each purchase or sale of Braskem ADRs during the Class Period; (v) the number of Braskem ADRs purchased or sold in each purchase or sale transaction; (vi) prices or other consideration paid and/or received for such ADRs; and (vii) a statement that the person wishes to be excluded from the Settlement Class. The request for exclusion must also be signed by the person requesting exclusion. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final Judgment.

21.     Any Settlement Class Member who does not request exclusion from the Settlement Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her or its right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including but not limited to the release of the Released Claims provided for in the Stipulation and the Judgment, if the Court approves the Settlement.

22.     The Released Parties will have no responsibility or liability whatsoever with respect to the Plan of Allocation or the Class Distribution Order, and will take no position on Co-Lead

Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses. The Plan of Allocation and Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Final Approval Hearing, the Court will determine whether Co-Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Co-Lead Counsel. Any appeal from any orders relating solely to the Plan of Allocation, the Class Distribution Order, or Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action set forth therein.

23.     Only Settlement Class Members and Co-Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24.     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

25.     As set forth in the Stipulation, immediately after payment of the Settlement Fund into the Escrow Account, and without further order of the Court, Co-Lead Counsel may direct payment from the Escrow Account of up to $100,000.00 U.S. dollars for the actual, necessary, and reasonable costs incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim Forms, and

paying Taxes, Tax Expenses, escrow fees, and costs, if any. Prior to the Effective Date, payment by the Escrow Agent of any Notice and Administration Costs exceeding $100,000 shall require notice to and agreement from Defendants, through Defendants' Counsel. After the Effective Date, without further approval by Defendants, any Released Parties or the Court, the Escrow Agent may pay from the Settlement Fund all reasonable and necessary Notice and Administration Costs in excess of any amount paid prior to the Effective Date. In the event the Effective Date does not occur or the Settlement is otherwise terminated pursuant to its terms, neither Lead Plaintiff, nor Co-Lead Counsel, nor the Escrow Agent shall have any obligation to repay any such Notice and Administration Costs actually and properly incurred or paid.

26.     The Claims Administrator and its agents are authorized and directed to cause to be prepared any tax returns to be filed for the Settlement Fund and to cause any Taxes due and owing to be paid from the Settlement Fund without further Order of the Court, but subject to the supervision of Co-Lead Counsel, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Settlement without further order of the Court.

27.     The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing on the part of the Released Parties, Lead Plaintiff, Settlement Class Members, or anyone else, (ii) any liability on the part of the Released Parties, Lead Plaintiff, Settlement Class Members, or anyone else, (iii)

any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) any damages or lack of damages suffered by Lead Plaintiff, Settlement Class Members or anyone else, or (v) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered in this Action if it was not settled at this point in time. The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Preliminary Approval Order and/or the Settlement, including, but not limited to, the Judgment and the release of the Released Claims provided for in the Stipulation and the Judgment.

28.     Unless otherwise provided in the Stipulation, there shall be no distribution of any of the Net Settlement Fund to any Settlement Class Member until the Settlement has been approved by the Court in a final approval hearing, a Plan of Allocation is finally approved, the Class Distribution Order has been entered, and such orders are affirmed on appeal and/or are no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

29.     Upon the date for publishing the Summary Notice, pending final determination of whether Settlement should be approved, the Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or commence any action which asserts any Released Claims against any Released Party. Until otherwise ordered by the Court, all proceedings in the Action, other than proceedings necessary to

15

carry out or enforce the terms and conditions of the Stipulation and this Preliminary Approval Order, are stayed.

30.     In the event that the Settlement is terminated or fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except ¶¶ 24-28 and 30) shall be null and void, the Stipulation shall be deemed terminated, and the parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

31.     The Court preliminarily finds that the Escrow Account is a "qualified settlement fund" pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

IT IS SO ORDERED.

DATED:

_____

THE HONORABLE CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE

# Exhibit A-1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATSUKAWA CO., LLC (n/k/a MATSUKAWA CO., LTD), individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>BRASKEM S.A., ROBERTO LOPES PONTES SIMÕES, FERNANDO MUSA, and PEDRO VAN LANGENDONCK TEIXEIRA DE FREITAS,<br><br>        Defendants. | Case No. 2:20-cv-11366-CCC-ESK<br><br>Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. Edward S. Kiel, U.S.M.J. |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS
HEARING; AND (III) MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED BRASKEM S.A. ("BRASKEM") AMERICAN DEPOSITARY RECEIPTS (ADRs) DURING THE PERIOD FROM MARCH 21, 2019 AND JULY 8, 2020, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

**EXCLUDED FROM THE CLASS ARE DEFENDANTS, THE OFFICERS AND DIRECTORS OF THE COMPANY AND THEIR FAMILIES AND AFFILIATES.**

*PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A MEMBER OF THE CLASS DESCRIBED HEREIN, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED BELOW.*

1.     **CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court, District of New Jersey (the "Court") in the above-captioned action (the "Action").  One of the purposes of this Notice is to inform you of the proposed Settlement[1] of the Action for $3 million.  Lead Plaintiff estimates there were approximately 17.1 million allegedly

---

[1]  All capitalized terms not defined herein shall have the same meaning ascribed to them in the Stipulation and Agreement of Settlement dated December 15, 2022 (the "Stipulation").

damaged Braskem ADRs purchased or otherwise acquired during the Class Period.  Pursuant to the Plan of Allocation, if all affected Braskem ADRs elect to participate in the Settlement, the average recovery per ADR would be $.18 before deduction of any fees, expenses, costs, and awards described herein.  The actual amount disbursed to members of the Class who participate in the Settlement may be more or less than this figure.

2.     **POTENTIAL OUTCOME OF THE CASE:** Lead Plaintiff and Defendants disagree on both liability and damages and do not agree on the average amount of damages per ADR, if any, that would be recoverable if the Class prevailed on any claim alleged.  Lead Plaintiff and Defendants disagree on, among other things, whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, whether Defendants have valid defenses to any such claims of liability, and the amount of damages per ADR, if any, Lead Plaintiff would be able to prove at trial, the methodology used to determine any such damages, and whether there were any mitigating circumstances which would reduce any or all of the damages alleged by Lead Plaintiff.

3.     **REASONS FOR SETTLEMENT:** Lead Plaintiff believes that the proposed Settlement is fair, reasonable, and adequate to, and in the best interests of, the Class.  Lead Plaintiff and his counsel have reached this conclusion after investigating and considering, among other things, the strengths and weaknesses of Lead Plaintiff's claims against Defendants, including the Defendants' contentions that the Class's claims are without merit, the uncertainties of this complex litigation, and the concrete benefits provided by the Settlement to the members of the Class. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are nevertheless willing to agree to make the payment provided for by the Stipulation provided that all of the claims of the Class are settled and compromised, in order to eliminate the uncertainty, risks, costs, and burdens inherent in any litigation, especially in complex cases like this litigation. Defendants have concluded that continuing to defend this Action would be expensive and protracted.  Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in this Action.   Defendants have denied and continue to deny all charges of wrongdoing and liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in this Action.  Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class has suffered any damages, or that Lead Plaintiff or the Class was harmed by the conduct alleged in this Action.

4.     **ATTORNEYS' FEES AND COSTS SOUGHT:** Co-Lead Counsel has not received any payment for its services in conducting this litigation on behalf of Lead Plaintiff and the members of the Class, nor has it been reimbursed for its out-of-pocket expenditures. If the Settlement is approved by the Court, Co-Lead Counsel will apply to the Court for attorneys' fees not to exceed 33% of the Settlement Amount, reimbursement of expenses not to exceed $55,000, and an award to Lead Plaintiff of up to $5,000. If the amount requested by Co-Lead Counsel is approved by the Court, the average cost would be $.06 per ADR.

5.     **IDENTIFICATION OF CLASS COUNSEL:** For further information regarding this Settlement please contact Co-Lead Counsel: Matthew M. Guiney, Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, New York 10016, guiney@whafh.com, or Michael S. Bigin, Bernstein Liebhard LLP, 10 East 40th Street, New York, New York 10016, bigin@bernlieb.com.

## I.   __THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT__

The proposed Settlement affects the rights of the members of the Class. The Class consists of:

> All persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs during the Class Period.  Excluded from the Settlement Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Braskem during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Braskem ADRs through or on behalf of any such excluded persons or entities. Also excluded from the Settlement Class are any putative Settlement Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement.

***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.***

## II.   __THE LITIGATION__

### __Summary of the Litigation__

The Court handling this Action is the United States District Court for the District of New Jersey, and the case is known as *Coutinho v. Braskem S.A., et al.,* 2:20-cv-11366-CCC-ESK (D.N.J.).  The Court appointed Lead Plaintiff to represent the putative Class.  The Defendants in this Action are Braskem, Roberto Lopes Pontes Simões, Fernando Musa, and Pedro Van Langendonck Teixeira De Freitas.

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5)) against Defendants.

Braskem is a publicly traded corporation with its principal place of business located in Sao Paulo, Brazil.

During the Class Period, Braskem's ADRs traded on the New York Stock Exchange under the ticker symbol "BAK" and also on the OTC market.

Lead Plaintiff alleges that, during the Class Period, Braskem's ADR price was artificially inflated as a result of materially misleading statements made regarding Braskem's role in, and extent of liability for damages from, ground subsidence at Braskem's salt mine in Alagoas, Brazil, which forced many residents of adjacent areas to vacate their homes and businesses.  Defendants deny Lead Plaintiff's allegations that they made materially misleading statements or omissions to investors and further deny that they are liable to the Lead Plaintiff and/or the Settlement Class or that Lead Plaintiff or other members of the Settlement Class suffered any injury.

**Investigation and Research Conducted by Co-Lead Counsel**

Before agreeing to the Settlement, Co-Lead Counsel conducted extensive investigation and research into the merits of the Action. This investigation has included consultation with experts concerning the amount of damages suffered by the Class; detailed reviews of Braskem's public filings, SEC filings, press releases, and other public statements; documents from Brazilian governmental agencies; witness interviews; review of analyst reports, financial analysts, and industry analysts relating to Braskem; and research of the applicable law with respect to the claims asserted in the complaints filed in the Action, and the potential defenses thereto.

**Proposed Settlement**

Co-Lead Counsel and Defendants' respective counsel participated in protracted negotiations on multiple telephone conferences.  During these negotiations, the Parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the Parties at trial, and other important factual and legal issues.

These negotiations resulted in the agreement to settle all claims of the Class against the Defendants, *i.e.*, the Stipulation, entered into on December 15, 2022.  Co-Lead Counsel believes that the claims asserted in the Action have merit and that the evidence developed to date in the Action supports the claims asserted therein.  Co-Lead Counsel also believe the Class would present supporting evidence at trial establishing liability against the Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

Co-Lead Counsel, however, recognizes and acknowledges the expense and length of continued proceedings, trial, and appeals, and has taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here.  They are also mindful of the inherent problems of proof under, as well as the defenses to, the federal securities laws violations asserted in this Action, including the defenses asserted by Defendants.

In light of the foregoing, Co-Lead Counsel believes that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class.  Based on their evaluation, Co-Lead Counsel has determined that the Settlement is in the best interests of the Class.

**The Release**

If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims in this Action and will provide that Lead Plaintiff and all other Settlement Class Members, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors, and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged, and dismissed each and every of the Released Claims against the Released Parties; and (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

"Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, penalties, expenses or liability whatsoever, whenever or wherever incurred), whether based on federal, state, local, foreign, statutory, or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual, or otherwise in nature, whether personal or subrogated, whether suspected or unsuspected, including both known claims and Unknown Claims, (1) that have been asserted in this Action against any of the Released Parties, or (2) that have been or could have been asserted in this Action or any forum by Lead Plaintiff, or any Settlement Class Member against any of the Released Parties which in any way, directly or indirectly, arise out of, are related to, or are based upon (i) the purchase, sale, transfer, acquisition of Braskem ADRs before or during the Class Period and (ii) any allegations, transactions, facts, matters or occurrences, representations or omissions that were or could have been alleged, involved, set forth, or referred to in any of the complaints in this Action, including (without limitation) any alleged misrepresentation or omission concerning (a) Braskem's alleged role in causing alleged earthquakes, ground subsidence, or other geological events in Alagoas, Brazil, (b) any related liabilities, (c) any related investigations or proceedings, or (d) any actual or potential impact of the foregoing on the Company's salt mining operations or financial condition. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement or its terms. "Released Claim" means any one of the Released Claims.

"Released Parties" means the Defendants; each of their respective current and former officers, directors, employees, agents, servants, representatives, parents, subsidiaries, affiliates, controlled persons, controlling persons, successors, predecessors, assigns, assignees, attorneys, accountants, advisors, insurers, family members, and partners; and each of their respective heirs, executors, administrators, legal representatives, successors, and assigns. "Released Party" means any one of the Released Parties.

"Unknown Claims" means any and all Released Claims that Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any of the Settled Defendants' Claims which Defendants do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement

## III.    PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/Braskem.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount that

a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph.  If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share").  Payment in this manner shall be deemed conclusive against all Authorized Claimants.  No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-sectarian charitable organization(s) selected by Co-Lead Counsel and approved by the Court.

The Plan of Allocation has taken into consideration the Limitation on Damages provision of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005).

### <u>THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS</u>:

(I)     **Recognized Loss for the Braskem ADRs purchased or otherwise acquired during the Class Period will be calculated as follows:**

(A)     For ADRs purchased or otherwise acquired during the Class Period <u>and sold during the Class Period</u>, the Recognized Loss per ADR will be the *lesser* of: (1) the inflation per ADR upon purchase (as set forth in Inflation Table A below)

less the inflation per ADR upon sale (as set forth in Inflation Table A below); or (2) the purchase price per ADR minus the sales price per ADR.

(B)     For ADRs purchased or otherwise acquired during the Class Period <u>and sold during the period July 10, 2020 through October 7, 2020</u>, inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per ADR upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per ADR and the average closing ADR price as of date of sale provided in Table B below.

(C)     For ADRs purchased or otherwise acquired during the Class Period <u>and retained as of the close of trading on October 7, 2020</u> the Recognized Loss will be the *lesser* of: (1) the inflation per ADR upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per ADR minus $8.50[2] per ADR.

| INFLATION TABLE A | |
|---|---|
| ADRs Purchased or Otherwise Acquired During the Class Period | |
| **Period** | **Inflation** |
| March 21, 2019 to April 2, 2019 inclusive | $2.78 per ADR |
| April 3, 2019 to May 8, 2019, inclusive | $1.94 per ADR |
| May 9, 2019 to July 8, 2020, inclusive | $0.47 per ADR |
| July 9, 2020 | $0.00 per ADR |
| After July 9, 2020 | $0.00 per ADR |

Table B

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 7/9/2020 | $8.93 | $8.87 | 8/24/2020 | $8.66 | $8.99 |
| 7/10/2020 | $8.87 | $8.87 | 8/25/2020 | $8.46 | $8.97 |
| 7/13/2020 | $8.66 | $8.80 | 8/26/2020 | $8.09 | $8.95 |
| 7/14/2020 | $8.89 | $8.82 | 8/27/2020 | $7.98 | $8.92 |
| 7/15/2020 | $9.02 | $8.86 | 8/28/2020 | $8.10 | $8.90 |
| 7/16/2020 | $9.13 | $8.91 | 8/31/2020 | $7.77 | $8.87 |
| 7/17/2020 | $9.38 | $8.97 | 9/1/2020 | $7.99 | $8.85 |
| 7/20/2020 | $9.41 | $9.03 | 9/2/2020 | $8.04 | $8.83 |

---

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $8.50 per ADR was the mean (average) daily closing trading price of the Company's ADRs during the 90-day period beginning on July 9, 2020 through and including on October 6, 2020.

| | | | | | |
|---|---|---|---|---|---|
| 7/21/2020 | $9.45 | $9.08 | 9/3/2020 | $7.97 | $8.80 |
| 7/22/2020 | $9.47 | $9.12 | 9/4/2020 | $8.28 | $8.79 |
| 7/23/2020 | $9.30 | $9.13 | 9/8/2020 | $8.46 | $8.78 |
| 7/24/2020 | $9.34 | $9.15 | 9/9/2020 | $8.32 | $8.77 |
| 7/27/2020 | $9.28 | $9.16 | 9/10/2020 | $8.17 | $8.76 |
| 7/28/2020 | $9.25 | $9.17 | 9/11/2020 | $8.08 | $8.75 |
| 7/29/2020 | $9.29 | $9.17 | 9/14/2020 | $8.36 | $8.74 |
| 7/30/2020 | $9.22 | $9.18 | 9/15/2020 | $8.55 | $8.73 |
| 7/31/2020 | $8.79 | $9.15 | 9/16/2020 | $8.44 | $8.73 |
| 8/3/2020 | $8.78 | $9.13 | 9/17/2020 | $8.73 | $8.73 |
| 8/4/2020 | $8.47 | $9.10 | 9/18/2020 | $8.15 | $8.72 |
| 8/5/2020 | $8.75 | $9.08 | 9/21/2020 | $8.15 | $8.71 |
| 8/6/2020 | $8.96 | $9.08 | 9/22/2020 | $8.26 | $8.70 |
| 8/7/2020 | $8.68 | $9.06 | 9/23/2020 | $7.61 | $8.68 |
| 8/10/2020 | $9.40 | $9.07 | 9/24/2020 | $7.59 | $8.66 |
| 8/11/2020 | $9.27 | $9.08 | 9/25/2020 | $7.49 | $8.64 |
| 8/12/2020 | $8.99 | $9.08 | 9/28/2020 | $7.04 | $8.61 |
| 8/13/2020 | $8.90 | $9.07 | 9/29/2020 | $7.10 | $8.58 |
| 8/14/2020 | $8.84 | $9.06 | 9/30/2020 | $7.47 | $8.56 |
| 8/17/2020 | $8.57 | $9.04 | 10/1/2020 | $7.46 | $8.54 |
| 8/18/2020 | $8.75 | $9.03 | 10/2/2020 | $7.30 | $8.52 |
| 8/19/2020 | $8.55 | $9.02 | 10/5/2020 | $7.66 | $8.51 |
| 8/20/2020 | $8.74 | $9.01 | 10/6/2020 | $7.86 | $8.50 |
| 8/21/2020 | $8.58 | $9.00 | | | |

To the extent a Claimant had a trading gain or "broke even" from his, her or its overall transactions in the Company's ADRs during the Class Period, the value of the Recognized Loss will be zero, and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her or its overall transactions in Braskem ADRs during the Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the Claimant's actual trading loss.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Braskem ADRs shall not be deemed a purchase, acquisition or sale of ADRs for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. The date of covering a "short sale" is deemed to be the date of purchase of Braskem ADRs, and the date of a "short sale" is deemed to be the date of sale of Braskem ADRs.

For purposes of calculating your Recognized Loss, all purchases, acquisitions, and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases

8

and acquisitions of Braskem ADRs during the time period from March 21, 2019 through and including October 6, 2020.

There shall be no Recognized Loss attributed to any Braskem securities other than ADRs. Settlement Class Members who do not submit valid Proofs of Claim will not share in the Settlement proceeds. Settlement Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action. No claim will be recognized for Braskem ADRs purchased or otherwise acquired prior to March 21, 2019. No claim will be recognized for Braskem ADRs purchased or otherwise acquired on or after July 9, 2020.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Co-Lead Counsel or the Claims Administrator or other agent designated by Co-Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim and Release Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

## IV.   REQUESTING EXCLUSION FROM THE CLASS

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS.**

Each Settlement Class Member shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Settlement Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Class, **received no later than                , 2023,** addressed to the Claims Administrator at: Braskem S.A. Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O Box 230, Media, PA 19063. Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Coutinho v. Braskem S.A., et al.,* 2:20-cv-11366-CCC-ESK (D.N.J.)"; (iii) state the number of Braskem ADRs that the person or entity requesting exclusion (A) owned as of the opening of trading on March 21, 2019 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of ADRs, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity

requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein.  **You cannot exclude yourself by telephone, email, or fax.**

**If a person or entity who is a Settlement Class Member duly requests to be excluded from the Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all Settlement Class Members who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Claims against the Released Parties.

## V.    STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

Before final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33% of the Settlement Fund, plus interest.  Co-Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $55,000, plus interest, as well as an award to the Lead Plaintiff of up to $5,000.  Co-Lead Counsel believes its intended fee request to be fair and reasonable. Co-Lead Counsel has litigated this case on a wholly contingent basis and has received no compensation during the period the case has been pending.  Co-Lead Counsel expended considerable time and expense during the Action.  Had the case not been successful, Co-Lead Counsel would have sustained a considerable financial loss.

## VI.    THE SETTLEMENT FAIRNESS HEARING

The Settlement Fairness Hearing shall be held before Honorable Claire C. Cecchi at _____ .m., in Courtroom MLK 5B of the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Class, Lead Plaintiff should be certified as class representative for the Class, and Co-Lead Counsel should be appointed as class counsel for the Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

***The Settlement Fairness Hearing may be adjourned or continued from time to time by the Court without further notice to the Class other than an announcement at such Settlement Fairness Hearing or at any adjournment or continuance thereof.***

Any Settlement Class Member who does not timely and validly request exclusion from the Class and who objects to the Settlement, the proposed Plan of Allocation of the Net Settlement Fund, the Judgment contemplated by the Stipulation, and/or the application for attorneys' fees and reimbursement of expenses, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney at the Settlement Fairness Hearing, at their own

expense, and present any evidence or argument that may be proper and relevant. However, no person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such person shall be considered by the Court unless, no later than _____, 2023, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, and (3) the grounds for such objections or the reason for such person's request to appear and to be heard, as well as the information requested in Section V herein and all other documents and writings which such person desires the Court to consider, shall be filed by such person with the Clerk of the Court at the address below, and, on or before such filing, shall be delivered by hand, overnight mail, or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

| Clerk of the Court | Co-Lead Counsel | Defendants' Counsel |
|---|---|---|
| Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07102 | Wolf Haldenstein Adler Freeman & Herz LLP Attn:  Matthew M. Guiney 270 Madison Avenue New York, New York 10016  Bernstein Liebhard LLP Attn: Michael S. Bigin 10 East 40th Street New York, NY 10016 | Covington & Burling LLP Attn: Mark P. Gimbel The New York Times Building 620 Eighth Avenue New York, NY 10018 |

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person may have and shall be barred from raising such objections in this or any other action or proceeding.  Objections directed solely to the proposed Plan of Allocation or attorneys' fees and expenses, will not affect the finality of either the Settlement or the Judgment to be entered thereto, if the Settlement is approved by the Court.

All members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Co-Lead Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII.   PROOF OF CLAIM AND RELEASE FORM

***To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").***  A Proof of Claim is annexed to this Notice, or available online at www.strategicclaims.net/Braskem.  You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim**.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be submitted

to the Claims Administrator **online at www.strategicclaims.net/Braskem, or postmarked, if mailed on or before _____, 2023** at the following address:

> Braskem S.A. Securities Litigation
> Strategic Claims Services
> 600 N. Jackson St., Suite 205
> P.O. Box 230
> Media, PA 19063 Fax: (610) 565-7985
> info@strategicclaims.net

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid, or the date when filed online.

Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as defined in Section II above, by all members of the Class who file Proofs of Claim. The Release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Action, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a Settlement Class Member and the allowable amount of the claim.

If you would like acknowledgment of the receipt of your Proof of Claim by the Claims Administrator, please send it by certified mail, return requested, or its equivalent. **No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.**

## VIII.   <u>SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES</u>

Brokerage firms, banks, financial institutions, and other nominees ("Nominees") that, during the Class Period, purchased, otherwise acquired, or sold Braskem ADRs in the name of the Nominees on behalf of beneficial owners of such securities that may be Settlement Class Members, are requested to provide the Claims Administrator with the name, last known address, and email address (if available) of each such person or entity for whom the Nominee executed such transactions. The Claims Administrator will then email notice, where an email address is available, or, if no email address is available, cause the Postcard Notice to be mailed promptly to said beneficial owners. Alternatively, Nominees may elect to provide notice directly to their beneficial holders by requesting either an electronic notice or additional copies of the Postcard Notice from the Claims Administrator, in which case the Nominees are required to, within ten (10) calendar days of receiving the electronic notice or the Postcard Notice, email the electronic notice or mail the Postcard Notice directly to the persons for whom the transactions were made and provide the Claims Administrator with written confirmation of having done so. For either alternative, contact the Claims Administrator.

After receipt of a timely request for reimbursement and supporting documentation, the Claims Administrator will reimburse the Nominee for all reasonable costs incurred in gathering and forwarding the names and addresses of beneficial owners to the Claims Administrator, or forwarding the Postcard Notice to beneficial owners, as the case may be.  Nominees will be reimbursed for reasonable out-of-pocket costs incurred in providing notice to beneficial owners in an amount not to exceed $0.03, plus postage at the current pre-sort rate used by the Claims Administrator, for each Postcard Notice actually mailed by the Nominee; $0.03 per email notice sent by the Nominee; or $0.03 for each name, address, and email address provided to the Claims Administrator.

## IX.     FURTHER INFORMATION

This Notice merely provides a brief summary of the litigation and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in the litigation, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action.  These papers may be inspected at the Office of the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Newark, NJ 07102.  If you have any questions regarding the information contained in this Notice, you may contact Co-Lead Counsel in writing at the addresses specified in Section VI, above.

You may also visit the Claims Administrator's website at www.strategicclaims.net/Braskem to find the Stipulation and/or download copies of the Notice and Proof of Claim.  In addition, you may request additional copies of the Notice and Proof of Claim by contacting the Claims Administrator at:

Braskem S.A. Securities Litigation
Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063Toll-Free: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL**

Dated: _____, 2023                                        By Order of the Court
                                                                                   United States District Court
                                                                                   District of New Jersey

# Exhibit A-2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MATSUKAWA CO., LLC (n/k/a MATSUKAWA CO., LTD), individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>BRASKEM S.A., ROBERTO LOPES PONTES SIMÕES, FERNANDO MUSA, and PEDRO VAN LANGENDONCK TEIXEIRA DE FREITAS,<br><br>        Defendants. | Case No. 2:20-cv-11366-CCC-ESK<br><br>Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. Edward S. Kiel, U.S.M.J. |

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED BRASKEM S.A. ("BRASKEM") AMERICAN DEPOSITARY RECEIPTS (ADRs) DURING THE PERIOD FROM MARCH 21, 2019 AND JULY 8, 2020, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey, that a hearing will be held on _____, 2023, at _____.m., before the Honorable Claire C. Cecchi at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom MLK 5B, Newark, NJ 07102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Class, Lead Plaintiff should be certified as class representative for the Class, and Co-lead Counsel should be appointed as class counsel for the Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Co-lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

If you purchased or acquired Braskem ADRs between March 21, 2019 and July 8, 2020, both dates inclusive, your rights may be affected by the Settlement of this Action.  If you have not received a Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice"), you may obtain copies by contacting the Claims Administrator at: Braskem S.A. Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063; Toll-Free: (866) 274-4004; Fax: (610) 565-7985; info@strategicclaims.net.  You may also obtain copies via the Claims Administrator's website, www.strategicclaims.net/Braskem.

If you are a member of the Class and wish to share in the Settlement money, you must submit a Proof of Claim to the Claims Administrator no later than _____ establishing that you are entitled to recovery.  As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, by no later than _____.  Any objections to the Settlement, Plan of Allocation, or attorney's fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____.

Inquiries, other than requests for the Notice, may be made to Co-lead Counsel: Matthew M. Guiney, Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, New York 10016, guiney@whafh.com.

## INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.

DATED: _____, 2023

BY ORDER OF THE COURT
United States District Court
for the District of New Jersey

# Exhibit A-3

## PROOF OF CLAIM AND RELEASE FORM

You are urged to read carefully the accompanying Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; (III) and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").  All capitalized terms used herein not otherwise defined herein shall have the same meaning as defined in the Notice.

To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim and Release Form (the "Proof of Claim").  However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

**You must send your completed and signed Proof of Claim either postmarked, if mailed, or filed, if emailed, on or before _____, 2023, addressed to the Claims Administrator at:**

Braskem S.A. Securities Litigation
Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

**You may also complete and submit a Proof of Claim electronically via the online filing system located at the Claims Administrator's website, www.strategicclaims.net/Braskem.  If you choose to submit your Proof of Claim via the online filing system, it must be filed no later than _____, 2023.**

If you are a Settlement Class Member and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Action, whether or not your submit a proof of claim form.

If you are **not** a Settlement Class Member, **do not** submit a Proof of Claim.

**If you need assistance filling out this Proof of Claim, please contact the Claims Administrator.**

### Part I – INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM FORM

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice.  Please refer to the Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.   In order to be eligible to participate in the distribution of the Settlement Fund, a claimant ("Claimant") must have purchased or otherwise acquired Braskem S.A. ("Braskem") American Depositary Receipts ("ADRs")  between March 21, 2019 and July 8, 2020, both dates inclusive (the "Class Period"), and otherwise be a member of the Class as defined in the Notice.

2.   The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery.  All claims are subject to verification and investigation.  You may be requested to provide further information.

3.   All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of Braskem ADRs.  (As outlined in the Notice, brokerage firms, banks and other nominees are requested to transmit copies of the Notice and Proof of Claim to their present or former customers who were such beneficial owners. *See* Notice, Section VIII.)  If Braskem ADRs were owned jointly, all joint owners must complete and sign the Proof of Claim.

4.   Executors, administrators, guardians, conservators, and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.*, powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5.   You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.  Joint tenants, co-owners or UGMA custodians should

file a single claim.  Claimants who file one or more claims (*e.g.,* one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

    6.  NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net.  Any file not submitted in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after receiving your file.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

    7.  There will be no Recognized Loss attributed to any Braskem securities other than Braskem ADRs.

    8.  The date of purchase and/or sale of Braskem ADRs is the "trade" date and not the "settlement" date.

    9.  The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

    10.  The date of covering a "short sale" is deemed to be the date of purchase of Braskem ADRs; and the date of a "short sale" is deemed to be the date of sale of Braskem ADRs.  ADRs originally sold short will have a Recognized Loss of zero.

    11.  No cash payment will be made on a claim where the potential distribution is less than $10.00.

    12.  You must attach to your claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in Braskem ADRs in order for your claim to be valid.  Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

    13.  If you have any questions or need additional Proofs of Claim, contact the Claims Administrator via the information set forth in Section A.  You may make photocopies of this form.

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's Name

Co-Beneficial Owner's Name

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                              State      Zip Code

Province                                          Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                           Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]:

Claimant Account Type (check appropriate box)

☐   Individual (includes joint owner accounts)    ☐   Pension Plan      ☐   Trust
☐   Corporation                                   ☐   Estate
☐   IRA/401K                                       ☐   Other _____ (please specify)

---

[1]  If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see ¶ 5 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

Page 3

**PART III – SCHEDULE OF TRANSACTIONS IN BRASKEM ADRs**

| | |
|---|---|
| **1.  HOLDINGS AS OF MARCH 21, 2019** – State the total number of Braskem ADRs held as of the opening of trading on March 21, 2019.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position  Enclosed ○ |

**2.  PURCHASES/ACQUISITIONS MARCH 21, 2019 THROUGH OCTOBER 6, 2020, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Braskem ADRs from after the opening of trading on March 21, 2019 through and including the close of trading on October 6, 2020.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of ADRs Purchased/ Acquired | Purchase/ Acquisition Price Per ADR | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase/ Acquisition Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**4.  SALES FROM MARCH 21, 2019 THROUGH JULY 8, 2020, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Braskem ADRs from after the opening of trading on March 21, 2019 through and including the close of trading on July 8, 2020. (Must be documented.)

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of ADRs Sold | Sale Price Per ADR | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

| | |
|---|---|
| **5.  HOLDINGS AS OF October 6, 2020**– State the total number of Braskem ADRs held as of the close of trading on October 6, 2020.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

### SUBMISSION TO JURISDICTION OF THE COURT

By submitting this Proof of Claim and Release Form, I/we, and every Settlement Class Member I/we represent, submit to the jurisdiction of the United States District Court for the District of New Jersey for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation and Agreement of Settlement, dated December 15, 2022 (the "Settlement"). I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Settlement Class member(s) I/we represent as a Claimant and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

### RELEASE

By signing this Proof of Claim and Release Form, and in consideration of the establishment of the Settlement Fund, as of the Effective Date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators, (a) hereby releases, waives, dismisses, and forever discharges all of the "Released Claims," including "Unknown Claims," against each of the "Released Parties"; (b) is forever enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties and (c) is forever enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

"Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, penalties, expenses or liability whatsoever, whenever or wherever incurred), whether based on federal, state, local, foreign, statutory, or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual, or otherwise in nature, whether personal or subrogated, whether suspected or unsuspected, including both known claims and Unknown Claims, (1) that have been asserted in this Action against any of the Released Parties, or (2) that have been or could have been asserted in this Action or any forum by Lead Plaintiff, or any Settlement Class Member against any of the Released Parties which in any way, directly or indirectly, arise out of, are related to, or are based upon (i) the purchase, sale, transfer, acquisition of Braskem ADRs before or during the Class Period and (ii) any allegations, transactions, facts, matters or occurrences, representations or omissions that were or could have been alleged, involved, set forth, or referred to in any of the complaints in this Action, including (without limitation) any alleged misrepresentation or omission concerning (a) Braskem's alleged role in causing alleged earthquakes, ground subsidence, or other geological events in Alagoas, Brazil, (b) any related liabilities, (c) any related investigations or proceedings, or (d) any actual or potential impact of the foregoing on the Company's salt mining operations or financial condition. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement or its terms. "Released Claim" means any one of the Released Claims.

"Released Parties" means the Defendants; each of their respective current and former officers, directors, employees, agents, servants, representatives, parents, subsidiaries, affiliates, controlled persons, controlling persons, successors, predecessors, assigns, assignees, attorneys, accountants, advisors, insurers, family members, and partners; and each of their respective heirs, executors, administrators, legal representatives, successors, and assigns. "Released Party" means any one

of the Released Parties.

"Unknown Claims" means any and all Released Claims that Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any of the Settled Defendants' Claims which Defendants do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement

With respect to any and all Released Claims, the Claimant hereto stipulates and agrees that, upon the Effective Date, he, she, or it shall expressly waive, and shall be deemed to have waived, any and all provisions, rights, and benefits conferred by Cal. Civ. Code § 1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Claimant may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Claimant shall expressly have, and be deemed to have, and by operation of the Judgment shall have, waived compromised, settled, discharged, extinguished, remised, and released, fully, finally, and forever, any and all Released Claims known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Claimant acknowledges that the waivers contained in this paragraph, and the inclusion of "Unknown Claims" in the definition of Released Claims, were separately bargained for and are key elements of the Settlement.

## CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.  that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2.  that the Claimant(s) is a (are) member(s) of the Class, as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.  that the Claimant(s) has (have) **not** submitted a request for exclusion from the Class;

4.  that I (we) own(ed) the Braskem ADRs identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releases to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.  that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Braskem ADRs and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.  that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the Releases set forth herein;

7.  that I (we) agree to furnish such additional information with respect such this Claim Form as Co-lead Counsel, the Claims Administrator, or the Court may require;

8.  that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9.  that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.  that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is (they are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is (they are) no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he/she/it is (they are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

| | |
|---|---|
| Signature of claimant | Date |

Print claimant name here

| | |
|---|---|
| Signature of joint claimant, if any | Date |

Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

| | |
|---|---|
| Signature of person signing on behalf of claimant | Date |

Print name of person signing on behalf of claimant here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant.)

## REMINDER CHECKLIST

1.   Sign the above release and certification.

2.   Attach only **copies** of acceptable supporting documentation. Do not send originals, as these documents will not be returned to you.

3.   Do not highlight any portion of the Proof of Claim or any supporting documents.

4.   Keep copies of the completed Proof of Claim and documentation for your own records.

5.   If you would like acknowledgment of the receipt of your Proof of Claim by the Claims Administrator, please send it by certified mail, return requested, or its equivalent. **No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.**

6.   If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims

Administrator.

7.   If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at **info@strategicclaims.net**, or by toll-free phone at **(866) 274-4004**, or you may visit the Claims Administrator's website **www.strategicclaims.net/Braskem**.

Braskem S.A. Securities Litigation
Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063

DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

Exhibit A-4

Braskem S.A. Securities Litigation

**Court-Ordered Legal Notice
Forwarding Service Requested**

c/o Strategic Claims Services
600 N. Jackson Street., Suite 205
Media, PA 19063

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

Important Notice authorized by
the United States District Court
for the District of New Jersey

*This Notice may affect your
legal rights.*

*Please read it carefully.*

*You may be entitled to a
payment.*

[NAME 1]
[NAME 2]
[NAME 3]
[ADDRESS 1]
[ADDRESS 2]

*Coutinho v. Braskem S.A., et al., 2:20-cv-11366-CCC-ESK*
*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT*
WWW.STRATEGICCLAIMS.NET/BRASKEM *FOR MORE INFORMATION.*

The United States District Court for the District of New Jersey (the "Court") has preliminarily approved a proposed Settlement of claims brought against Braskem S.A. ("Braskem"), Roberto Lopes, Pontes Simões, Fernando Musa, and Pedro Van Langendonck Teixeira De Freitas (collectively, "Defendants"). This proposed Settlement would resolve the lawsuit in which Lead Plaintiff alleges that the Defendants violated federal securities laws by issuing untrue or materially misleading information that artificially inflated the price of Braskem American Depositary Receipts ("ADRs"). The Defendants deny any wrongdoing. The Settling Parties disagree on both liability and damages.

You are receiving this Notice because you or someone in your family may have purchased or acquired Braskem ADRs during the period from March 21, 2019 through July 8, 2020, both dates inclusive ("Class Period"), and thus you may be a member of the settlement class (the" Settlement Class") consisting, with certain exceptions, of all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs during the Class Period. If the Settlement is approved, a Settlement Fund of $3,000,000 in cash, less attorneys' fees and expenses, will be used to pay Settlement Class Members who submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and Proof of Claim by visiting the website: www.strategicclaims.net/Braskem. You may also request copies of the Notice and Proof of Claim from the Claims Administrator by: (1) mail: Braskem S.A. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063; (2) phone: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To be considered for recovery, you must submit a Proof of Claim. *PROOFS OF CLAIM MUST BE SUBMITTED BY_____, 202_, TO THE CLAIMS ADMINISTRATOR AT BRASKEM S.A. SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, 600 N. JACKSON STREET, SUITE 205, P.O. BOX 230, MEDIA, PA 19063, OR ELECTRONICALLY AT WWW.STRATEGICCLAIMS.NET.* If you do not want to be legally bound by the Settlement and want to retain the right to sue the Defendants on your own regarding the legal claims in this case, you must request exclusion by_____, 202_. If you exclude yourself, you will not be eligible for recovery under the Settlement. If you do not like any part of the Settlement and would like to tell the Court why it should not be approved, you must file an

*Coutinho v. Braskem S.A., et al., 2:20-cv-11366-CCC-ESK*

*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT*
WWW.STRATEGICCLAIMS.NET/BRASKEM *FOR MORE INFORMATION.*

objection by _____, 202_. The detailed Notice explains how to exclude yourself or object. *If you do nothing, all of your claims against the Defendants will be released, but you will not receive money from this Settlement.*

The Court will hold a hearing in this case on _____, 202_ at _:_ _.m. at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom MLK 5B, Newark, NJ 07102 to consider whether the Settlement is fair, reasonable, and adequate; to hear objections; and to consider Co-lead Counsel's request for attorneys' fees of up to 33% of the Settlement Fund and expenses. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, contact the Claims Administrator at (866) 274-4004 or visit the website, www.strategicclaims.net.

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MATSUKAWA CO., LLC (n/k/a MATSUKAWA CO., LTD), individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>BRASKEM S.A., ROBERTO LOPES PONTES SIMÕES, FERNANDO MUSA, and PEDRO VAN LANGENDONCK TEIXEIRA DE FREITAS,<br><br>     Defendants. | Case No. 2:20-cv-11366-CCC-ESK<br><br>Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. Edward S. Kiel, U.S.M.J. |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came for hearing on _____ (the "Final Approval Hearing"), on the application of Lead Plaintiff and Defendants (defined below), to determine whether the terms and conditions of the Stipulation and Agreement of Settlement ("Settlement" or "Stipulation") filed with this Court on December 15, 2022 are fair, reasonable, adequate, and in the best interest of the Settlement Class Members for the settlement of all claims asserted by Lead Plaintiff, Matsukawa Co. Ltd. ("Lead Plaintiff"), on behalf of itself and the Settlement Class, against Defendants Braskem, S.A. ("Braskem" or the "Company"), Roberto Lopes Pontes Simões, Fernanda Musa, and Pedro Van Langendonck Teixeira de Freitas (together the "Defendants") in the above-captioned Action, and should be approved; and whether Judgment should be entered dismissing the Action with prejudice and releasing the Settlement Class Members' Released Claims against all Released Parties.

The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.     This Judgment hereby incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlement Stipulation.

2.     This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies this Action as a class action, for purposes of this Settlement only, with a Settlement Class defined as all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs between March 21, 2019 through July 8, 2020, inclusive. Excluded from the Settlement Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Braskem during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Braskem ADRs through or on behalf of any such excluded persons or entities. Also excluded from the Settlement Class are those persons that have validly and timely requested exclusion from the Settlement Class as listed on Exhibit 1 hereto.

4.     With respect to the Settlement Class, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and their counsel have fairly and

adequately represented and protected the interests of all the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of any action concerning the controversy already commenced by members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the litigation.

5.        Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally appoints Lead Plaintiff as class representative for the Settlement Class, and finally appoints Bernstein Liebhard LLP and Wolf Haldenstein Adler Freeman & Herz LLP as Co-Lead Counsel for the Settlement Class.

6.        Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort in accordance with the terms of the Settlement and the Court's Preliminary Approval Order. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process; Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; the Constitution of the United States (including the Due Process clause); and any other applicable law.  Such  notice was the best notice practicable under the circumstances and constituted sufficient notice to all persons and entities entitled thereto.

7.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of the Settlement, and of their right to object thereto, and that a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the Settlement.  Accordingly, it is hereby determined that all Settlement Class Members, other than those persons and entities that are listed on Exhibit 1 hereto, are bound by this Judgment.  In addition, the Court finds that Defendants served notice of the Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b), ("CAFA") as required by CAFA.

8.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members.  This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation and Agreement of Settlement, dated December 15, 2022 (the "Settlement").

9.      The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Action.

10.     The Action and all Released Claims are dismissed with prejudice. The Settling Parties are to bear their own costs, except for the payments expressly provided for in the Settlement.

11.     Upon the Effective Date, Lead Plaintiff, and each Settlement Class Member, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors, and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Claims against the Released Parties; and (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

12.     Upon the Effective Date, each of the Defendants, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors, and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Settled Defendants' Claims; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Defendants' Claims; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or

entity who may claim any form of contribution or indemnity from Lead Plaintiff, any Settlement Class Member, or Co-Lead Counsel in respect of any Settled Defendants' Claim.

13.     Upon the Effective Date, except as provided in ¶ 14 below, this Order will permanently bar, extinguish, and discharge any and all claims, actions, suits, cause of action, or demands by any person against the Released Parties, whether for contribution or indemnification or however styled, where the alleged injury consists of or arises from the plaintiff's liability to the Settlement Class or any Settlement Class Member for a claim arising out of or related to the allegations in the Action. Further:

a.      Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

b.      The Released Parties shall be barred from bringing any claim for contribution or indemnification arising out of or related to any Released Claim against any person, other than a person whose liability has been extinguished by the Settlement.

c.      Notwithstanding anything to the contrary herein, the Bar Order shall not apply to: (i) any claims the Defendants or any other Released Party may have against any insurance carrier for advancement of legal fees or indemnification, or (ii) any claims by a Defendant against any party whose liability to the Settlement Class or any Settlement Class Member for a Released Claim has been extinguished by the Settlement.

14.     Notwithstanding any of the releases or the Bar Order above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Settlement, the Preliminary Approval Order, or this Judgment.

15.     The fact and terms of the Settlement, including all exhibits thereto, this Judgment, all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a.     shall not be offered or received against the Released Parties, Lead Plaintiff, or any member of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties, or by Lead Plaintiff or any member of the Settlement Class with respect to, the truth of any fact alleged in the Action or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b.     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff or any member of the Settlement Class;

c.     shall not be offered or received against the Released Parties, Lead Plaintiff, or any member of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, Lead Plaintiff, or

8

any Settlement Class Members, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that the Released Parties may refer to the Settlement and the Judgment in any action that may be brought against them to effectuate the liability protection granted them hereunder, including, without limitation, to support a defense or claim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law;

d.      shall not be construed against the Released Parties, Defendants' Counsel, Co-Lead Counsel or Lead Plaintiff, or any Settlement Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial or that any damages potentially recoverable under the Complaint would have exceeded or would have been less than the Settlement Amount;

e.      shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff, or any Settlement Class Members or any of them that any of their claims are without merit; and

f.      shall not be construed as or received in evidence as an admission, concession or presumption against the Released Parties that class certification is appropriate in this Action, except for purposes of this Settlement.

16.      The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) implementation and enforcement of the Settlement; (b) the allowance,

disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Judgment, (e) enforcing and administering the Settlement, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

17.     The Plan of Allocation submitted by Co-Lead Counsel, as described in the Notice and in accordance with ¶ 22 of the Settlement, is hereby approved as fair, reasonable and adequate. Any order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.

18.     In the event that the Settlement does not become effective in accordance with its terms, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and shall be vacated to the extent provided by the Settlement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and Lead Plaintiff, and Defendants reserve their rights to proceed in all respects as if this Settlement had not been entered into and without any prejudice in any way from the negotiation, fact or terms of this Settlement.

19.     Without further Order of the Court, the parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Settlement.

20.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

21.     Plaintiffs' Counsel are hereby awarded $[  ], or [  %] of the Settlement Amount in fees, which the Court finds to be fair and reasonable, and $[  ] in reimbursement of out-of-pocket expenses. The Lead Plaintiff is hereby awarded $[   ], which the Court finds to be fair and reasonable. All amounts awarded by the Court in this paragraph are to be paid from (and out of) the Settlement Fund.

IT IS SO ORDERED.

Dated:_____        _____
                                            THE HONORABLE CLAIRE C. CECCHI
                                            UNITED STATES DISTRICT JUDGE