UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATSUKAWA CO., LLC (n/k/a MATSUKAWA CO., LTD), individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>BRASKEM S.A., ROBERTO LOPES PONTES SIMÕES, FERNANDO MUSA, and PEDRO VAN LANGENDONCK TEIXEIRA DE FREITAS,<br><br>      Defendants. | Case No. 2:20-cv-11366-CCC-ESK<br><br>Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. Edward S. Kiel, U.S.M.J. |

**ORDER PRELIMINARILY APPROVING THE SETTLEMENT, CERTIFYING
SETTLEMENT CLASS, APPROVING NOTICE
TO THE CLASS AND SCHEDULING FINAL APPROVAL HEARING**

WHEREAS, Matsukawa Co. Ltd. ( "Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined below) have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order preliminarily approving the settlement (the "Settlement") of the above-captioned litigation (the "Action") in accordance with the Stipulation and Agreement of Settlement, dated as of December 15, 2022 (the "Stipulation") and for dismissal of the Action with prejudice upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Stipulation provides for the conditional certification of the Settlement Class solely for purposes of the Settlement;

WHEREAS, the Defendants do not oppose Lead Plaintiff's application; and

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Order:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      This order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      The Court grants the motion (**ECF No. 59**) and preliminarily approves the Stipulation, including the releases contained therein, and preliminarily approves the Settlement as being fair, reasonable, and adequate to the Settlement Class.

3.      Solely for purposes of the Stipulation and the Settlement, the Court hereby certifies a Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure consisting of all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs between March 21, 2019 through July 8, 2020, inclusive, except those persons and entities that timely and validly request exclusion from the class pursuant to and in accordance with the terms herein. Also excluded from the Settlement Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Braskem during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Braskem ADRs through or on behalf of any such excluded persons or entities.

4.      Solely for purposes of the Stipulation and the Settlement and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Lead Plaintiff is appointed as the class representative

and Bernstein Liebhard LLP and Wolf Haldenstein Adler Freeman & Herz LLP are appointed as Co-Lead Counsel for the Settlement Class.

5.      Solely for purposes of the Stipulation and the Settlement, the Court finds that: (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the class representative are typical of the claims of the Settlement Class; (iv) the class representative and Co-Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

6.      If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, the Court's findings in this Preliminary Approval Order supporting certification of the Settlement Class and the appointment of class Representative and Lead Counsel for the Settlement Class shall be null and void and nothing in this Preliminary Approval Order shall prejudice in any way Defendants' ability to oppose class certification, or the appointment of Lead Plaintiff as class representative, on any ground.

7.      The Court approves the form of Notice of Pendency of Class Action and Proposed Settlement (the "Notice") (annexed hereto as Exhibit A-1), the Summary Notice (annexed hereto

as Exhibit A-2), the Postcard Notice (annexed hereto as Exhibit A-4) (together, the "Notices"), and the Proof of Claim Form (annexed hereto as Exhibit A-3), and finds that the procedures established for publication, mailing, and distribution of the Notices substantially in the manner and form set forth in Paragraph 8 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Securities Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7); the Constitution of the United States (including the due process clause); and any other applicable law, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons or entities entitled thereto.

8.     The Court approves the appointment of Strategic Claims as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

a.     No later than twenty-one (21) days after the entry of this Preliminary Approval Order and the Stipulation (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice  substantially in the form annexed hereto as Exhibit A-4, to be mailed by first-class mail, postage prepaid, to those members of the Settlement Class who may be identified through reasonable effort. For the purpose of facilitating notice to the Class, Braskem shall, within ten (10) days following the entry of this Preliminary Approval Order, make reasonable efforts to provide or cause to be provided to the Claims Administrator lists of record holders of Braskem ADRs  during the Class Period, to the extent such lists are maintained by its stock transfer agent and reasonably available to Braskem upon request. The lists shall be provided in electronic form or such other form

as is reasonably available to Braskem and at no cost to the Settlement Fund, Co-Lead Counsel or the Claims Administrator;

      b.      A summary notice (the "Summary Notice"), substantially in the form annexed hereto as Exhibit A-2, shall be published once in the national edition of *The Investors' Business Daily* and on *PR Newswire* no later than the Notice Date; and

      c.      The Postcard Notice, the Notice, the Summary Notice and the Proof of Claim Form shall also be placed on a website dedicated to this Settlement administration on or before the Notice Date.

9.      The Claims Administrator shall make all reasonable efforts to give notice to nominees or custodians who held Braskem ADRs as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Summary Notice and either email the Summary Notice in electronic format or links to the Notice and Claim Form to each beneficial owner for whom they are nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Summary Notice or a link to the Notice and Claim Form, if email addresses are available, or Postcard Notice to such beneficial owners, if last known addresses are provided. If the Claims Administrator receives an email address, it will send a Summary Notice or link to the Notice and Claim Form electronically. Nominees or custodians who elect to email notice or send the Postcard Notice to their beneficial owners shall

send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing of names and addresses, in amounts up to: (i) $0.03 per name and address provided; (ii) $0.03 per email for emailing notice; or (iii) $0.03 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

10.     No later than twenty-eight (28) calendar days prior to the Final Approval Hearing, Co-Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

11.     Pending further order of the Court, all litigation activity, except as contemplated herein, in the Stipulation, in the Notice or in the Judgment, is hereby stayed and all hearings, deadlines, and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

## HEARING: RIGHT TO BE HEARD

12.     The Court will hold a settlement hearing (the "Final Approval Hearing"), on

May 3    , 2023, at          1:30 P.M.      ,[1] in the U.S. District Court for the District of

New Jersey, Martin Luther King Bldg. & U.S. Courthouse, 50 Walnut Street, Courtroom MLK

5B, Newark, NJ 07102, before District Judge Claire C. Cecchi for the following purposes: (i) to

determine whether the Settlement should be finally approved as fair, reasonable, adequate, and

in the best interests of the Settlement Class; (ii) to determine whether the Judgment, in the form

attached as Exhibit B to the Stipulation, should be entered dismissing and releasing the Released

Claims (as that term is defined in the Stipulation) with prejudice; (iii) to rule upon the Plan of

Allocation; (iv) to rule upon Co-Lead Counsel's application for an award of attorneys' fees and

reimbursement of Litigation Expenses; and (v) to consider any other matters that may properly be

brought before the Court in connection with the Settlement.

13.     Papers in support of the Settlement, the Plan of Allocation and Co-Lead Counsel's

application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later

than twenty-eight (28) calendar days prior to the Final Approval Hearing. If an objection is filed

pursuant to Paragraph 14 below, any reply papers shall be filed no later than seven (7) calendar

days before the Final Approval Hearing.

14.     Any member of the Settlement Class may appear at the Final Approval Hearing and

show cause why the proposed Settlement embodied in the Stipulation should or should not be

approved as fair, reasonable, adequate, and in the best interests of the Settlement Class, or why the

Judgment should or should not be entered thereon, and/or to present opposition to the Plan of

---

[1] The parties have respectfully requested that the Court schedule the Final Approval Hearing no earlier than 100 days from the date it signs this Preliminary Approval Order.

Allocation or to the application of Co-Lead Counsel for attorneys' fees and reimbursement of

Litigation Expenses. However, no Settlement Class Member or any other Person shall be heard or

entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the

Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the

application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation

Expenses, unless that Settlement Class Member or Person (i) has served, by hand or first-class

mail,  written objections including the basis therefor, as well as copies of any papers and/or briefs

in support of his, her or its position upon the following counsel for receipt no later than fourteen

(14) calendar days prior to the Final Approval Hearing:

> **Co-Lead Counsel for the Settlement Class**
> Michael S. Bigin
> Bernstein Liebhard LLP
> 10 East 40th Street
> New York, New York 10016
> Tel.: (212) 779-1414
> Fax: (212) 779-3218
> bigin@bernlieb.com
>
> Matthew M. Guiney
> Wolf Halderstein Adler Freeman & Herz LLP
> 270 Madison Avenue
> New York, NY 10016
> Tel: (212) 545-4600
> Fax: (212) 686-0114
> guiney@whafh.com
>
> **Counsel for the Defendants**
> Mark P. Gimbel
> COVINGTON & BURLING LLP
> The New York Times Building
> 620 Eighth Avenue
> New York, NY 10018
> mgimbel@cov.com

and (ii) filed said objections, papers, and briefs with the Clerk of the United States District Court

for the District of New Jersey no later than fourteen (14) calendar days prior to the Final Approval

Hearing. Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member or Person; (b) a list and documentation of all of the Settlement Class Member's transactions in Braskem ADRs, such as brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Settlement Class Member or Person who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Judgment, to the Plan of Allocation or to the application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. The manner in which a notice of objection should be prepared, filed, and delivered shall be stated in the Notice. By objecting to the Settlement, the Judgment, the Plan of Allocation, and/or the application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, a Settlement Class Member or person shall be deemed to have submitted to the

jurisdiction of this Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims provided for in the Stipulation and the Judgment).

15.     All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class. If the Settlement is approved, all Settlement Class Members will be bound by the Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Settlement Class Members, regardless of whether or not a Settlement Class Member submits a Proof of Claim Form.

16.     Any Settlement Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Co-Lead Counsel.

17.     The Court reserves the right to (a) adjourn or continue the Final Approval Hearing without further notice to Settlement Class Members and (b) approve the Stipulation and Settlement with modification and without further notice to Settlement Class Members. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

## CLAIMS PROCESS

18.     In order to be entitled to participate in the Settlement, a Settlement Class Member must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. To be valid and accepted, Proof of Claim Forms submitted in connection with this Settlement must be postmarked no later than fourteen (14) days prior to the Final Approval Hearing.

19.     Any Settlement Class Member who does not timely submit a valid Proof of Claim Form shall not be eligible to share in the Settlement Fund, but nonetheless shall be barred and enjoined from asserting any Released Claim and shall be bound by any judgment or determination of the Court affecting the Settlement Class Members.

## REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

20.     Any requests for exclusion from the Settlement Class must be submitted for receipt by the Claims Administrator no later than thirty (30) calendar days prior to the Final Approval Hearing. Any Settlement Class Member who wishes to be excluded from the Settlement Class must provide (i) name; (ii) address; (iii) telephone number; (iv) the date of each purchase or sale of Braskem ADRs during the Class Period; (v) the number of Braskem ADRs purchased or sold in each purchase or sale transaction; (vi) prices or other consideration paid and/or received for such ADRs; and (vii) a statement that the person wishes to be excluded from the Settlement Class. The request for exclusion must also be signed by the person requesting exclusion. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final Judgment.

21.     Any Settlement Class Member who does not request exclusion from the Settlement Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her or its right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including but not limited to the release of the Released Claims provided for in the Stipulation and the Judgment, if the Court approves the Settlement.

22.     The Released Parties will have no responsibility or liability whatsoever with respect to the Plan of Allocation or the Class Distribution Order, and will take no position on Co-Lead

Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses. The Plan of Allocation and Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. At or after the Final Approval Hearing, the Court will determine whether Co-Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Co-Lead Counsel. Any appeal from any orders relating solely to the Plan of Allocation, the Class Distribution Order, or Co-Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action set forth therein.

23.     Only Settlement Class Members and Co-Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24.     All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

25.     As set forth in the Stipulation, immediately after payment of the Settlement Fund into the Escrow Account, and without further order of the Court, Co-Lead Counsel may direct payment from the Escrow Account of up to $100,000.00 U.S. dollars for the actual, necessary, and reasonable costs incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim Forms, and

13

paying Taxes, Tax Expenses, escrow fees, and costs, if any. Prior to the Effective Date, payment by the Escrow Agent of any Notice and Administration Costs exceeding $100,000 shall require notice to and agreement from Defendants, through Defendants' Counsel. After the Effective Date, without further approval by Defendants, any Released Parties or the Court, the Escrow Agent may pay from the Settlement Fund all reasonable and necessary Notice and Administration Costs in excess of any amount paid prior to the Effective Date. In the event the Effective Date does not occur or the Settlement is otherwise terminated pursuant to its terms, neither Lead Plaintiff, nor Co-Lead Counsel, nor the Escrow Agent shall have any obligation to repay any such Notice and Administration Costs actually and properly incurred or paid.

26.    The Claims Administrator and its agents are authorized and directed to cause to be prepared any tax returns to be filed for the Settlement Fund and to cause any Taxes due and owing to be paid from the Settlement Fund without further Order of the Court, but subject to the supervision of Co-Lead Counsel, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Settlement without further order of the Court.

27.    The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing on the part of the Released Parties, Lead Plaintiff, Settlement Class Members, or anyone else, (ii) any liability on the part of the Released Parties, Lead Plaintiff, Settlement Class Members, or anyone else, (iii)

any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) any damages or lack of damages suffered by Lead Plaintiff, Settlement Class Members or anyone else, or (v) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered in this Action if it was not settled at this point in time. The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Preliminary Approval Order and/or the Settlement, including, but not limited to, the Judgment and the release of the Released Claims provided for in the Stipulation and the Judgment.

28.     Unless otherwise provided in the Stipulation, there shall be no distribution of any of the Net Settlement Fund to any Settlement Class Member until the Settlement has been approved by the Court in a final approval hearing, a Plan of Allocation is finally approved, the Class Distribution Order has been entered, and such orders are affirmed on appeal and/or are no longer subject to review by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

29.     Upon the date for publishing the Summary Notice, pending final determination of whether Settlement should be approved, the Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or commence any action which asserts any Released Claims against any Released Party. Until otherwise ordered by the Court, all proceedings in the Action, other than proceedings necessary to

15

carry out or enforce the terms and conditions of the Stipulation and this Preliminary Approval Order, are stayed.

30.     In the event that the Settlement is terminated or fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except ¶¶ 24-28 and 30) shall be null and void, the Stipulation shall be deemed terminated, and the parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

31.     The Court preliminarily finds that the Escrow Account is a "qualified settlement fund" pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

IT IS SO ORDERED.

DATED: **January 18, 2023**

_/s/ Edward S. Kiel_

THE HONORABLE EDWARD S. KIEL
UNITED STATES MAGISTRATE JUDGE

Exhibit A-1

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATSUKAWA CO., LLC (n/k/a MATSUKAWA CO., LTD), individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>BRASKEM S.A., ROBERTO LOPES PONTES SIMÕES, FERNANDO MUSA, and PEDRO VAN LANGENDONCK TEIXEIRA DE FREITAS,<br><br>       Defendants. | Case No. 2:20-cv-11366-CCC-ESK<br><br>Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. Edward S. Kiel, U.S.M.J. |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND
PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS
HEARING; AND (III) MOTION FOR AN AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO:**    **ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED BRASKEM S.A. ("BRASKEM") AMERICAN DEPOSITARY RECEIPTS (ADRs) DURING THE PERIOD FROM MARCH 21, 2019 AND JULY 8, 2020, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

        **EXCLUDED FROM THE CLASS ARE DEFENDANTS, THE OFFICERS AND DIRECTORS OF THE COMPANY AND THEIR FAMILIES AND AFFILIATES.**

*PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS LITIGATION. IF YOU ARE A MEMBER OF THE CLASS DESCRIBED HEREIN, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT PURSUANT TO THE PROPOSED SETTLEMENT DESCRIBED BELOW.*

       1.    **CLASS RECOVERY:** This Notice has been sent to you pursuant to an Order of the United States District Court, District of New Jersey (the "Court") in the above-captioned action (the "Action"). One of the purposes of this Notice is to inform you of the proposed Settlement[1] of the Action for $3 million. Lead Plaintiff estimates there were approximately 17.1 million allegedly

---

[1] All capitalized terms not defined herein shall have the same meaning ascribed to them in the Stipulation and Agreement of Settlement dated December 15, 2022 (the "Stipulation").

damaged Braskem ADRs purchased or otherwise acquired during the Class Period. Pursuant to the Plan of Allocation, if all affected Braskem ADRs elect to participate in the Settlement, the average recovery per ADR would be $.18 before deduction of any fees, expenses, costs, and awards described herein. The actual amount disbursed to members of the Class who participate in the Settlement may be more or less than this figure.

2. **POTENTIAL OUTCOME OF THE CASE:** Lead Plaintiff and Defendants disagree on both liability and damages and do not agree on the average amount of damages per ADR, if any, that would be recoverable if the Class prevailed on any claim alleged. Lead Plaintiff and Defendants disagree on, among other things, whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws, whether Defendants have valid defenses to any such claims of liability, and the amount of damages per ADR, if any, Lead Plaintiff would be able to prove at trial, the methodology used to determine any such damages, and whether there were any mitigating circumstances which would reduce any or all of the damages alleged by Lead Plaintiff.

3. **REASONS FOR SETTLEMENT:** Lead Plaintiff believes that the proposed Settlement is fair, reasonable, and adequate to, and in the best interests of, the Class. Lead Plaintiff and his counsel have reached this conclusion after investigating and considering, among other things, the strengths and weaknesses of Lead Plaintiff's claims against Defendants, including the Defendants' contentions that the Class's claims are without merit, the uncertainties of this complex litigation, and the concrete benefits provided by the Settlement to the members of the Class. Without admitting any wrongdoing or liability on their part whatsoever, Defendants are nevertheless willing to agree to make the payment provided for by the Stipulation provided that all of the claims of the Class are settled and compromised, in order to eliminate the uncertainty, risks, costs, and burdens inherent in any litigation, especially in complex cases like this litigation. Defendants have concluded that continuing to defend this Action would be expensive and protracted. Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in this Action. Defendants have denied and continue to deny all charges of wrongdoing and liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in this Action. Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class has suffered any damages, or that Lead Plaintiff or the Class was harmed by the conduct alleged in this Action.

4. **ATTORNEYS' FEES AND COSTS SOUGHT:** Co-Lead Counsel has not received any payment for its services in conducting this litigation on behalf of Lead Plaintiff and the members of the Class, nor has it been reimbursed for its out-of-pocket expenditures. If the Settlement is approved by the Court, Co-Lead Counsel will apply to the Court for attorneys' fees not to exceed 33% of the Settlement Amount, reimbursement of expenses not to exceed $55,000, and an award to Lead Plaintiff of up to $5,000. If the amount requested by Co-Lead Counsel is approved by the Court, the average cost would be $.06 per ADR.

5. **IDENTIFICATION OF CLASS COUNSEL:** For further information regarding this Settlement please contact Co-Lead Counsel: Matthew M. Guiney, Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, New York 10016, guiney@whafh.com, or Michael S. Bigin, Bernstein Liebhard LLP, 10 East 40th Street, New York, New York 10016, bigin@bernlieb.com.

## I.      THE CLASS INVOLVED IN THE PROPOSED SETTLEMENT

The proposed Settlement affects the rights of the members of the Class. The Class consists of:

> All persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs during the Class Period.  Excluded from the Settlement Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Braskem during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Braskem ADRs through or on behalf of any such excluded persons or entities. Also excluded from the Settlement Class are any putative Settlement Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement.

***The sending of this Notice should not be construed as any indication of the Court's view as to the merits of any claims or defenses asserted by any party to this Action.***

## II.      THE LITIGATION

### Summary of the Litigation

The Court handling this Action is the United States District Court for the District of New Jersey, and the case is known as *Coutinho v. Braskem S.A., et al.,* 2:20-cv-11366-CCC-ESK (D.N.J.).  The Court appointed Lead Plaintiff to represent the putative Class.  The Defendants in this Action are Braskem, Roberto Lopes Pontes Simões, Fernando Musa, and Pedro Van Langendonck Teixeira De Freitas.

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5)) against Defendants.

Braskem is a publicly traded corporation with its principal place of business located in Sao Paulo, Brazil.

During the Class Period, Braskem's ADRs traded on the New York Stock Exchange under the ticker symbol "BAK" and also on the OTC market.

Lead Plaintiff alleges that, during the Class Period, Braskem's ADR price was artificially inflated as a result of materially misleading statements made regarding Braskem's role in, and extent of liability for damages from, ground subsidence at Braskem's salt mine in Alagoas, Brazil, which forced many residents of adjacent areas to vacate their homes and businesses.  Defendants deny Lead Plaintiff's allegations that they made materially misleading statements or omissions to investors and further deny that they are liable to the Lead Plaintiff and/or the Settlement Class or that Lead Plaintiff or other members of the Settlement Class suffered any injury.

3

**Investigation and Research Conducted by Co-Lead Counsel**

Before agreeing to the Settlement, Co-Lead Counsel conducted extensive investigation and research into the merits of the Action. This investigation has included consultation with experts concerning the amount of damages suffered by the Class; detailed reviews of Braskem's public filings, SEC filings, press releases, and other public statements; documents from Brazilian governmental agencies; witness interviews; review of analyst reports, financial analysts, and industry analysts relating to Braskem; and research of the applicable law with respect to the claims asserted in the complaints filed in the Action, and the potential defenses thereto.

**Proposed Settlement**

Co-Lead Counsel and Defendants' respective counsel participated in protracted negotiations on multiple telephone conferences. During these negotiations, the Parties discussed, among other things, the respective claims and defenses, damage analyses, legal analyses, the evidence to be offered by the Parties at trial, and other important factual and legal issues.

These negotiations resulted in the agreement to settle all claims of the Class against the Defendants, *i.e.*, the Stipulation, entered into on December 15, 2022. Co-Lead Counsel believes that the claims asserted in the Action have merit and that the evidence developed to date in the Action supports the claims asserted therein. Co-Lead Counsel also believe the Class would present supporting evidence at trial establishing liability against the Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.

Co-Lead Counsel, however, recognizes and acknowledges the expense and length of continued proceedings, trial, and appeals, and has taken into account the uncertain outcome and the risk of any litigation, especially complex actions such as here. They are also mindful of the inherent problems of proof under, as well as the defenses to, the federal securities laws violations asserted in this Action, including the defenses asserted by Defendants.

In light of the foregoing, Co-Lead Counsel believes that the Settlement set forth in the Stipulation confers a meaningful benefit upon the Class. Based on their evaluation, Co-Lead Counsel has determined that the Settlement is in the best interests of the Class.

**The Release**

If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims in this Action and will provide that Lead Plaintiff and all other Settlement Class Members, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors, and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged, and dismissed each and every of the Released Claims against the Released Parties; and (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

"Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, penalties, expenses or liability whatsoever, whenever or wherever incurred), whether based on federal, state, local, foreign, statutory, or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual, or otherwise in nature, whether personal or subrogated, whether suspected or unsuspected, including both known claims and Unknown Claims, (1) that have been asserted in this Action against any of the Released Parties, or (2) that have been or could have been asserted in this Action or any forum by Lead Plaintiff, or any Settlement Class Member against any of the Released Parties which in any way, directly or indirectly, arise out of, are related to, or are based upon (i) the purchase, sale, transfer, acquisition of Braskem ADRs before or during the Class Period and (ii) any allegations, transactions, facts, matters or occurrences, representations or omissions that were or could have been alleged, involved, set forth, or referred to in any of the complaints in this Action, including (without limitation) any alleged misrepresentation or omission concerning (a) Braskem's alleged role in causing alleged earthquakes, ground subsidence, or other geological events in Alagoas, Brazil, (b) any related liabilities, (c) any related investigations or proceedings, or (d) any actual or potential impact of the foregoing on the Company's salt mining operations or financial condition. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement or its terms.  "Released Claim" means any one of the Released Claims.

"Released Parties" means the Defendants; each of their respective current and former officers, directors, employees, agents, servants, representatives, parents, subsidiaries, affiliates, controlled persons, controlling persons, successors, predecessors, assigns, assignees, attorneys, accountants, advisors, insurers, family members, and partners; and each of their respective heirs, executors, administrators, legal representatives, successors, and assigns.  "Released Party" means any one of the Released Parties.

"Unknown Claims" means any and all Released Claims that Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any of the Settled Defendants' Claims which Defendants do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement

## III.    PROPOSED PLAN OF ALLOCATION

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net/Braskem.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  **Please Note**: The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount that

a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraph. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants and subject to the provisions in the preceding paragraph (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-sectarian charitable organization(s) selected by Co-Lead Counsel and approved by the Court.

The Plan of Allocation has taken into consideration the Limitation on Damages provision of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e), as well as the principles of economic loss articulated by the Supreme Court in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005).

## **THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:**

(I)     **Recognized Loss for the Braskem ADRs purchased or otherwise acquired during the Class Period will be calculated as follows:**

(A)     For ADRs purchased or otherwise acquired during the Class Period <u>and sold during the Class Period</u>, the Recognized Loss per ADR will be the *lesser* of: (1) the inflation per ADR upon purchase (as set forth in Inflation Table A below)

less the inflation per ADR upon sale (as set forth in Inflation Table A below); or (2) the purchase price per ADR minus the sales price per ADR.

(B)    For ADRs purchased or otherwise acquired during the Class Period <u>and sold during the period July 10, 2020 through October 7, 2020,</u> inclusive, the Recognized Loss will be the *lesser* of: (1) the inflation per ADR upon purchase (as set forth in Inflation Table A below); or (2) the difference between the purchase price per ADR and the average closing ADR price as of date of sale provided in Table B below.

(C)    For ADRs purchased or otherwise acquired during the Class Period <u>and retained as of the close of trading on October 7, 2020</u> the Recognized Loss will be the *lesser* of: (1) the inflation per ADR upon purchase (as set forth in Inflation Table A below); or (2) the purchase price per ADR minus $8.50[2] per ADR.

| INFLATION TABLE A | |
| --- | --- |
| ADRs Purchased or Otherwise Acquired During the Class Period | |
| **Period** | **Inflation** |
| March 21, 2019 to April 2, 2019 inclusive | $2.78 per ADR |
| April 3, 2019 to May 8, 2019, inclusive | $1.94 per ADR |
| May 9, 2019 to July 8, 2020, inclusive | $0.47 per ADR |
| July 9, 2020 | $0.00 per ADR |
| After July 9, 2020 | $0.00 per ADR |

Table B

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
| --- | --- | --- | --- | --- | --- |
| 7/9/2020 | $8.93 | $8.87 | 8/24/2020 | $8.66 | $8.99 |
| 7/10/2020 | $8.87 | $8.87 | 8/25/2020 | $8.46 | $8.97 |
| 7/13/2020 | $8.66 | $8.80 | 8/26/2020 | $8.09 | $8.95 |
| 7/14/2020 | $8.89 | $8.82 | 8/27/2020 | $7.98 | $8.92 |
| 7/15/2020 | $9.02 | $8.86 | 8/28/2020 | $8.10 | $8.90 |
| 7/16/2020 | $9.13 | $8.91 | 8/31/2020 | $7.77 | $8.87 |
| 7/17/2020 | $9.38 | $8.97 | 9/1/2020 | $7.99 | $8.85 |
| 7/20/2020 | $9.41 | $9.03 | 9/2/2020 | $8.04 | $8.83 |

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated."  $8.50 per ADR was the mean (average) daily closing trading price of the Company's ADRs during the 90-day period beginning on July 9, 2020 through and including on October 6, 2020.

| | | | | | |
|---|---|---|---|---|---|
| 7/21/2020 | $9.45 | $9.08 | 9/3/2020 | $7.97 | $8.80 |
| 7/22/2020 | $9.47 | $9.12 | 9/4/2020 | $8.28 | $8.79 |
| 7/23/2020 | $9.30 | $9.13 | 9/8/2020 | $8.46 | $8.78 |
| 7/24/2020 | $9.34 | $9.15 | 9/9/2020 | $8.32 | $8.77 |
| 7/27/2020 | $9.28 | $9.16 | 9/10/2020 | $8.17 | $8.76 |
| 7/28/2020 | $9.25 | $9.17 | 9/11/2020 | $8.08 | $8.75 |
| 7/29/2020 | $9.29 | $9.17 | 9/14/2020 | $8.36 | $8.74 |
| 7/30/2020 | $9.22 | $9.18 | 9/15/2020 | $8.55 | $8.73 |
| 7/31/2020 | $8.79 | $9.15 | 9/16/2020 | $8.44 | $8.73 |
| 8/3/2020 | $8.78 | $9.13 | 9/17/2020 | $8.73 | $8.73 |
| 8/4/2020 | $8.47 | $9.10 | 9/18/2020 | $8.15 | $8.72 |
| 8/5/2020 | $8.75 | $9.08 | 9/21/2020 | $8.15 | $8.71 |
| 8/6/2020 | $8.96 | $9.08 | 9/22/2020 | $8.26 | $8.70 |
| 8/7/2020 | $8.68 | $9.06 | 9/23/2020 | $7.61 | $8.68 |
| 8/10/2020 | $9.40 | $9.07 | 9/24/2020 | $7.59 | $8.66 |
| 8/11/2020 | $9.27 | $9.08 | 9/25/2020 | $7.49 | $8.64 |
| 8/12/2020 | $8.99 | $9.08 | 9/28/2020 | $7.04 | $8.61 |
| 8/13/2020 | $8.90 | $9.07 | 9/29/2020 | $7.10 | $8.58 |
| 8/14/2020 | $8.84 | $9.06 | 9/30/2020 | $7.47 | $8.56 |
| 8/17/2020 | $8.57 | $9.04 | 10/1/2020 | $7.46 | $8.54 |
| 8/18/2020 | $8.75 | $9.03 | 10/2/2020 | $7.30 | $8.52 |
| 8/19/2020 | $8.55 | $9.02 | 10/5/2020 | $7.66 | $8.51 |
| 8/20/2020 | $8.74 | $9.01 | 10/6/2020 | $7.86 | $8.50 |
| 8/21/2020 | $8.58 | $9.00 | | | |

To the extent a Claimant had a trading gain or "broke even" from his, her or its overall transactions in the Company's ADRs during the Class Period, the value of the Recognized Loss will be zero, and the Claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a Claimant suffered a trading loss on his, her or its overall transactions in Braskem ADRs during the Class Period, but that trading loss was less than the Recognized Loss calculated above, then the Recognized Loss shall be limited to the amount of the Claimant's actual trading loss.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Braskem ADRs shall not be deemed a purchase, acquisition or sale of ADRs for the calculation of an Authorized Claimant's Recognized Loss. The covering purchase of a short sale is not an eligible purchase. The date of covering a "short sale" is deemed to be the date of purchase of Braskem ADRs, and the date of a "short sale" is deemed to be the date of sale of Braskem ADRs.

For purposes of calculating your Recognized Loss, all purchases, acquisitions, and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release Form enclosed with this Notice, you must provide all of your purchases

8

and acquisitions of Braskem ADRs during the time period from March 21, 2019 through and including October 6, 2020.

There shall be no Recognized Loss attributed to any Braskem securities other than ADRs. Settlement Class Members who do not submit valid Proofs of Claim will not share in the Settlement proceeds. Settlement Class Members who do not either submit a request for exclusion or submit a valid Proof of Claim will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action. No claim will be recognized for Braskem ADRs purchased or otherwise acquired prior to March 21, 2019. No claim will be recognized for Braskem ADRs purchased or otherwise acquired on or after July 9, 2020.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Co-Lead Counsel or the Claims Administrator or other agent designated by Co-Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Proof of Claim and Release Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

## IV.   REQUESTING EXCLUSION FROM THE CLASS

**IF YOU ARE A MEMBER OF THE CLASS, YOU MAY BE ELIGIBLE TO SHARE IN THE BENEFITS OF THIS SETTLEMENT AND WILL BE BOUND BY ITS TERMS UNLESS YOU EXCLUDE YOURSELF FROM THE CLASS.**

Each Settlement Class Member shall be bound by all determinations and judgments of the Court in connection with the Settlement, whether favorable or unfavorable, unless such Settlement Class Member shall mail, by first class mail, sufficient postage prepaid, a written request for exclusion from the Class, **received no later than              , 2023,** addressed to the Claims Administrator at: Braskem S.A. Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O Box 230, Media, PA 19063. Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *Coutinho v. Braskem S.A., et al.,* 2:20-cv-11366-CCC-ESK (D.N.J.)"; (iii) state the number of Braskem ADRs that the person or entity requesting exclusion (A) owned as of the opening of trading on March 21, 2019 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of ADRs, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity

requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless submitted within the time and in the form and manner provided for herein.  **You cannot exclude yourself by telephone, email, or fax.**

**If a person or entity who is a Settlement Class Member duly requests to be excluded from the Class, such person or entity will not be bound by any orders or judgments entered in respect of the Settlement and shall not be entitled to receive any benefits provided by the Settlement in the event it is finally approved by the Court.**

If a judgment approving the Settlement provided for in the Stipulation is finally entered, all Settlement Class Members who have not requested exclusion shall conclusively be deemed to have released and shall thereafter be barred from asserting any of the Released Claims against the Released Parties.

## V.   STATEMENT OF ATTORNEYS' FEES AND COSTS SOUGHT

Before final approval of the Settlement, Co-Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33% of the Settlement Fund, plus interest.  Co-Lead Counsel also intends to apply for reimbursement of Litigation Expenses in an amount not to exceed $55,000, plus interest, as well as an award to the Lead Plaintiff of up to $5,000.  Co-Lead Counsel believes its intended fee request to be fair and reasonable. Co-Lead Counsel has litigated this case on a wholly contingent basis and has received no compensation during the period the case has been pending.  Co-Lead Counsel expended considerable time and expense during the Action.  Had the case not been successful, Co-Lead Counsel would have sustained a considerable financial loss.

## VI.   THE SETTLEMENT FAIRNESS HEARING

The Settlement Fairness Hearing shall be held before Honorable Claire C. Cecchi at _____ .m., in Courtroom MLK 5B of the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Class, Lead Plaintiff should be certified as class representative for the Class, and Co-Lead Counsel should be appointed as class counsel for the Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

***The Settlement Fairness Hearing may be adjourned or continued from time to time by the Court without further notice to the Class other than an announcement at such Settlement Fairness Hearing or at any adjournment or continuance thereof.***

Any Settlement Class Member who does not timely and validly request exclusion from the Class and who objects to the Settlement, the proposed Plan of Allocation of the Net Settlement Fund, the Judgment contemplated by the Stipulation, and/or the application for attorneys' fees and reimbursement of expenses, or who otherwise wishes to be heard with respect to any of the foregoing, may appear in person or by attorney at the Settlement Fairness Hearing, at their own

expense, and present any evidence or argument that may be proper and relevant. However, no person shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such person shall be considered by the Court unless, no later than _____, 2023, (1) a notice of the person's intention to appear, (2) a statement of such person's objections to any matter before the Court, and (3) the grounds for such objections or the reason for such person's request to appear and to be heard, as well as the information requested in Section V herein and all other documents and writings which such person desires the Court to consider, shall be filed by such person with the Clerk of the Court at the address below, and, on or before such filing, shall be delivered by hand, overnight mail, or by certified mail, return-receipt requested, sufficient postage prepaid, upon each of the following counsel of record:

| Clerk of the Court | Co-Lead Counsel | Defendants' Counsel |
|---|---|---|
| Martin Luther King Building & U.S. Courthouse 50 Walnut Street Newark, NJ 07102 | Wolf Haldenstein Adler Freeman & Herz LLP Attn:  Matthew M. Guiney 270 Madison Avenue New York, New York 10016  Bernstein Liebhard LLP Attn: Michael S. Bigin 10 East 40th Street New York, NY 10016 | Covington & Burling LLP Attn: Mark P. Gimbel The New York Times Building 620 Eighth Avenue New York, NY 10018 |

Any person or entity who fails to object in the manner prescribed in the paragraph immediately above shall be deemed to have waived any objections that person may have and shall be barred from raising such objections in this or any other action or proceeding.  Objections directed solely to the proposed Plan of Allocation or attorneys' fees and expenses, will not affect the finality of either the Settlement or the Judgment to be entered thereto, if the Settlement is approved by the Court.

All members of the Class who do not request exclusion therefrom, in the manner provided herein, will be represented by Co-Lead Counsel in connection with the Settlement, but may, if they so desire, also enter an appearance through counsel of their own choice and at their own expense.

## VII.    PROOF OF CLAIM AND RELEASE FORM

*To be eligible to receive a cash distribution from the Settlement Fund, you must timely complete, sign and file a Proof of Claim and Release Form ("Proof of Claim").*  A Proof of Claim is annexed to this Notice, or available online at www.strategicclaims.net/Braskem.  You may receive more than one copy of this Notice and the Proof of Claim, but you should **submit only one Proof of Claim**.

The Proof of Claim (1) **must** be completed in accordance with the Instructions on the Proof of Claim, (2) **must** enclose all documentation required by the Instructions, and (3) **must** be submitted

to the Claims Administrator **online at www.strategicclaims.net/Braskem, or postmarked, if mailed on or before _____, 2023** at the following address:

> Braskem S.A. Securities Litigation
> Strategic Claims Services
> 600 N. Jackson St., Suite 205
> P.O. Box 230
> Media, PA 19063Fax: (610) 565-7985
> info@strategicclaims.net

A Proof of Claim will be deemed filed when mailed via first-class mail, sufficient postage prepaid, or the date when filed online.

Members of the Class who do not exclude themselves from the Class and who fail to submit a valid and timely Proof of Claim will nevertheless be bound by the Settlement if finally approved, and all orders and judgments entered by the Court in connection therewith.

By Order of the Court, the Proof of Claim provides for and requires a Release of all Released Claims as defined in Section II above, by all members of the Class who file Proofs of Claim.  The Release will become effective on the Effective Date of the Settlement.

Each person or entity submitting a Proof of Claim thereby submits to the jurisdiction of the Court for purposes of the Action, the Settlement and any proceedings relating to such Proof of Claim, and agrees that such a filed Proof of Claim will be subject to review and further inquiry as to such person's or entity's status as a Settlement Class Member and the allowable amount of the claim.

If you would like acknowledgment of the receipt of your Proof of Claim by the Claims Administrator, please send it by certified mail, return requested, or its equivalent.  **No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.**

## VIII.   SPECIAL NOTICE TO BROKERS AND OTHER NOMINEES

Brokerage firms, banks, financial institutions, and other nominees ("Nominees") that, during the Class Period, purchased, otherwise acquired, or sold Braskem ADRs in the name of the Nominees on behalf of beneficial owners of such securities that may be Settlement Class Members, are requested to provide the Claims Administrator with the name, last known address, and email address (if available) of each such person or entity for whom the Nominee executed such transactions.  The Claims Administrator will then email notice, where an email address is available, or, if no email address is available, cause the Postcard Notice to be mailed promptly to said beneficial owners.  Alternatively, Nominees may elect to provide notice directly to their beneficial holders by requesting either an electronic notice or additional copies of the Postcard Notice from the Claims Administrator, in which case the Nominees are required to, within ten (10) calendar days of receiving the electronic notice or the Postcard Notice, email the electronic notice or mail the Postcard Notice directly to the persons for whom the transactions were made and provide the Claims Administrator with written confirmation of having done so.  For either alternative, contact the Claims Administrator.

After receipt of a timely request for reimbursement and supporting documentation, the Claims Administrator will reimburse the Nominee for all reasonable costs incurred in gathering and forwarding the names and addresses of beneficial owners to the Claims Administrator, or forwarding the Postcard Notice to beneficial owners, as the case may be.  Nominees will be reimbursed for reasonable out-of-pocket costs incurred in providing notice to beneficial owners in an amount not to exceed $0.03, plus postage at the current pre-sort rate used by the Claims Administrator, for each Postcard Notice actually mailed by the Nominee; $0.03 per email notice sent by the Nominee; or $0.03 for each name, address, and email address provided to the Claims Administrator.

## IX.     FURTHER INFORMATION

This Notice merely provides a brief summary of the litigation and the proposed Settlement and is qualified by and subject in all respects to the full terms and conditions in the Stipulation. For a more detailed statement of the matters involved in the litigation, you should refer to the pleadings, the Stipulation, and the orders entered by the Court and to the other papers filed in the Action.  These papers may be inspected at the Office of the Clerk of the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street Newark, NJ 07102.  If you have any questions regarding the information contained in this Notice, you may contact Co-Lead Counsel in writing at the addresses specified in Section VI, above.

You may also visit the Claims Administrator's website at www.strategicclaims.net/Braskem to find the Stipulation and/or download copies of the Notice and Proof of Claim.  In addition, you may request additional copies of the Notice and Proof of Claim by contacting the Claims Administrator at:

Braskem S.A. Securities Litigation
Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063Toll-Free: (866) 274-4004
Fax: (610) 565-7985
info@strategicclaims.net

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL**

Dated: _____, 2023                                By Order of the Court
                                                         United States District Court
                                                         District of New Jersey

Exhibit A-2

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MATSUKAWA CO., LLC (n/k/a MATSUKAWA CO., LTD), individually and on behalf of all others similarly situated, | Case No. 2:20-cv-11366-CCC-ESK |
| Plaintiffs, | Hon. Claire C. Cecchi, U.S.D.J. Hon. Edward S. Kiel, U.S.M.J. |
| v. | |
| BRASKEM S.A., ROBERTO LOPES PONTES SIMÕES, FERNANDO MUSA, and PEDRO VAN LANGENDONCK TEIXEIRA DE FREITAS, | |
| Defendants. | |

**TO:    ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED BRASKEM S.A. ("BRASKEM") AMERICAN DEPOSITARY RECEIPTS (ADRs) DURING THE PERIOD FROM MARCH 21, 2019 AND JULY 8, 2020, BOTH DATES INCLUSIVE (THE "CLASS PERIOD").**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**
**YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.**

**YOU ARE HEREBY NOTIFIED,** pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of New Jersey, that a hearing will be held on _____, 2023, at _____.m., before the Honorable Claire C. Cecchi at the United States District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom MLK 5B, Newark, NJ 07102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether, for purposes of the proposed Settlement only, the Action should be certified as a class action on behalf of the Class, Lead Plaintiff should be certified as class representative for the Class, and Co-lead Counsel should be appointed as class counsel for the Class; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Co-lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

If you purchased or acquired Braskem ADRs between March 21, 2019 and July 8, 2020, both dates inclusive, your rights may be affected by the Settlement of this Action. If you have not received a Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice"), you may obtain copies by contacting the Claims Administrator at: Braskem S.A. Securities Litigation, c/o Strategic Claims Services, 600 N. Jackson St., Suite 205, P.O. Box 230, Media, PA 19063; Toll-Free: (866) 274-4004; Fax: (610) 565-7985; info@strategicclaims.net. You may also obtain copies via the Claims Administrator's website, www.strategicclaims.net/Braskem.

If you are a member of the Class and wish to share in the Settlement money, you must submit a Proof of Claim to the Claims Administrator no later than _____ establishing that you are entitled to recovery. As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, by no later than _____. Any objections to the Settlement, Plan of Allocation, or attorney's fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, no later than _____.

Inquiries, other than requests for the Notice, may be made to Co-lead Counsel: Matthew M. Guiney, Wolf Haldenstein Adler Freeman & Herz LLP, 270 Madison Avenue, New York, New York 10016, guiney@whafh.com.

**INQUIRIES <u>SHOULD NOT</u> BE DIRECTED TO THE COURT,
THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

DATED: _____, 2023                BY ORDER OF THE COURT
                                          United States District Court
                                          for the District of New Jersey

Exhibit A-3

## PROOF OF CLAIM AND RELEASE FORM

You are urged to read carefully the accompanying Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; (III) and Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice").  All capitalized terms used herein not otherwise defined herein shall have the same meaning as defined in the Notice.

To file a claim and recover under the Settlement of this Action, you must submit this Proof of Claim and Release Form (the "Proof of Claim").  However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Action.

**You must send your completed and signed Proof of Claim either postmarked, if mailed, or filed, if emailed, on or before _____, 2023, addressed to the Claims Administrator at:**

Braskem S.A. Securities Litigation
Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063
Fax: (610) 565-7985
info@strategicclaims.net

**You may also complete and submit a Proof of Claim electronically via the online filing system located at the Claims Administrator's website, www.strategicclaims.net/Braskem.  If you choose to submit your Proof of Claim via the online filing system, it must be filed no later than _____, 2023.**

If you are a Settlement Class Member and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Action, whether or not your submit a proof of claim form.

If you are **not** a Settlement Class Member, **do not** submit a Proof of Claim.

**If you need assistance filling out this Proof of Claim, please contact the Claims Administrator.**

### Part I – INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM FORM

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice.  Please refer to the Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.   In order to be eligible to participate in the distribution of the Settlement Fund, a claimant ("Claimant") must have purchased or otherwise acquired Braskem S.A. ("Braskem") American Depositary Receipts ("ADRs")  between March 21, 2019 and July 8, 2020, both dates inclusive (the "Class Period"), and otherwise be a member of the Class as defined in the Notice.

2.   The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery.  All claims are subject to verification and investigation.  You may be requested to provide further information.

3.   All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of Braskem ADRs.  (As outlined in the Notice, brokerage firms, banks and other nominees are requested to transmit copies of the Notice and Proof of Claim to their present or former customers who were such beneficial owners. *See* Notice, Section VIII.)  If Braskem ADRs were owned jointly, all joint owners must complete and sign the Proof of Claim.

4.   Executors, administrators, guardians, conservators, and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (*e.g.*, powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5.   You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, a custodial account, etc.  Joint tenants, co-owners or UGMA custodians should

file a single claim.  Claimants who file one or more claims (*e.g.,* one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.   NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the mandatory electronic filing requirements and file layout, you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net.  Any file not submitted in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after receiving your file.  Do not assume that your file has been received or processed until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received and acceptable.

7.   There will be no Recognized Loss attributed to any Braskem securities other than Braskem ADRs.

8.   The date of purchase and/or sale of Braskem ADRs is the "trade" date and not the "settlement" date.

9.   The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

10.   The date of covering a "short sale" is deemed to be the date of purchase of Braskem ADRs; and the date of a "short sale" is deemed to be the date of sale of Braskem ADRs.  ADRs originally sold short will have a Recognized Loss of zero.

11.   No cash payment will be made on a claim where the potential distribution is less than $10.00.

12.   You must attach to your claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in Braskem ADRs in order for your claim to be valid.  Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

13.   If you have any questions or need additional Proofs of Claim, contact the Claims Administrator via the information set forth in Section A.  You may make photocopies of this form.

## PART II – CLAIMANT IDENTIFICATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's Name

Co-Beneficial Owner's Name

Address1 (street name and number)

Address2 (apartment, unit or box number)

City                                    State      Zip Code

Province                                Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                 Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]:

Claimant Account Type (check appropriate box)
☐    Individual (includes joint owner accounts)    ☐   Pension Plan     ☐   Trust
☐    Corporation                                   ☐   Estate
☐    IRA/401K                                       ☐   Other _____ (please specify)

---

[1]  If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see ¶ 5 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

**PART III – SCHEDULE OF TRANSACTIONS IN BRASKEM ADRs**

| **1.  HOLDINGS AS OF MARCH 21, 2019** – State the total number of Braskem ADRs held as of the opening of trading on March 21, 2019.  (Must be documented.)  If none, write "zero" or "0."<br>_____ | Confirm Proof of Position  Enclosed<br>○ |
|---|---|

**2.  PURCHASES/ACQUISITIONS MARCH 21, 2019 THROUGH OCTOBER 6, 2020, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Braskem ADRs from after the opening of trading on March 21, 2019 through and including the close of trading on October 6, 2020.  (Must be documented.)

| Date of Purchase/<br>Acquisition<br>(List Chronologically)<br>(Month/Day/Year) | Number of ADRs<br>Purchased/<br>Acquired | Purchase/<br>Acquisition<br>Price Per ADR | Total Purchase/<br>Acquisition Price<br>(excluding taxes,<br>commissions, and fees) | Confirm Proof of<br>Purchase/<br>Acquisition<br>Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |

**4.  SALES FROM MARCH 21, 2019 THROUGH JULY 8, 2020, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of Braskem ADRs from after the opening of trading on March 21, 2019 through and including the close of trading on July 8, 2020. (Must be documented.)

| Date of Sale<br>(List Chronologically)<br>(Month/Day/Year) | Number of<br>ADRs Sold | Sale Price<br>Per ADR | Total Sale Price<br>(excluding taxes,<br>commissions, and fees) | Confirm Proof<br>of Sale Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |

| **5.  HOLDINGS AS OF October 6, 2020**– State the total number of Braskem ADRs held as of the close of trading on October 6, 2020.  (Must be documented.)  If none, write "zero" or "0."<br>_____ | Confirm Proof of Position Enclosed<br>○ |
|---|---|

Page 4

IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

### SUBMISSION TO JURISDICTION OF THE COURT

By submitting this Proof of Claim and Release Form, I/we, and every Settlement Class Member I/we represent, submit to the jurisdiction of the United States District Court for the District of New Jersey for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation and Agreement of Settlement, dated December 15, 2022 (the "Settlement"). I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Settlement Class member(s) I/we represent as a Claimant and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

### RELEASE

By signing this Proof of Claim and Release Form, and in consideration of the establishment of the Settlement Fund, as of the Effective Date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators, (a) hereby releases, waives, dismisses, and forever discharges all of the "Released Claims," including "Unknown Claims," against each of the "Released Parties"; (b) is forever enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties and (c) is forever enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

"Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, penalties, expenses or liability whatsoever, whenever or wherever incurred), whether based on federal, state, local, foreign, statutory, or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual, or otherwise in nature, whether personal or subrogated, whether suspected or unsuspected, including both known claims and Unknown Claims, (1) that have been asserted in this Action against any of the Released Parties, or (2) that have been or could have been asserted in this Action or any forum by Lead Plaintiff, or any Settlement Class Member against any of the Released Parties which in any way, directly or indirectly, arise out of, are related to, or are based upon (i) the purchase, sale, transfer, acquisition of Braskem ADRs before or during the Class Period and (ii) any allegations, transactions, facts, matters or occurrences, representations or omissions that were or could have been alleged, involved, set forth, or referred to in any of the complaints in this Action, including (without limitation) any alleged misrepresentation or omission concerning (a) Braskem's alleged role in causing alleged earthquakes, ground subsidence, or other geological events in Alagoas, Brazil, (b) any related liabilities, (c) any related investigations or proceedings, or (d) any actual or potential impact of the foregoing on the Company's salt mining operations or financial condition. Notwithstanding the foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement or its terms. "Released Claim" means any one of the Released Claims.

"Released Parties" means the Defendants; each of their respective current and former officers, directors, employees, agents, servants, representatives, parents, subsidiaries, affiliates, controlled persons, controlling persons, successors, predecessors, assigns, assignees, attorneys, accountants, advisors, insurers, family members, and partners; and each of their respective heirs, executors, administrators, legal representatives, successors, and assigns. "Released Party" means any one

of the Released Parties.

"Unknown Claims" means any and all Released Claims that Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any of the Settled Defendants' Claims which Defendants do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement

With respect to any and all Released Claims, the Claimant hereto stipulates and agrees that, upon the Effective Date, he, she, or it shall expressly waive, and shall be deemed to have waived, any and all provisions, rights, and benefits conferred by Cal. Civ. Code § 1542 and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Claimant may hereafter discover facts in addition to or different from those that he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Claimant shall expressly have, and be deemed to have, and by operation of the Judgment shall have, waived compromised, settled, discharged, extinguished, remised, and released, fully, finally, and forever, any and all Released Claims known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Claimant acknowledges that the waivers contained in this paragraph, and the inclusion of "Unknown Claims" in the definition of Released Claims, were separately bargained for and are key elements of the Settlement.

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the Releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the Claimant(s) is a (are) member(s) of the Class, as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3. that the Claimant(s) has (have) **not** submitted a request for exclusion from the Class;

4. that I (we) own(ed) the Braskem ADRs identified in the Claim Form and have not assigned the claim against Defendants or any of the other Defendants' Releases to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the Claimant(s) has (have) not submitted any other claim covering the same purchases/acquisitions of Braskem ADRs and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6. that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') claim and for purposes of enforcing the Releases set forth herein;

7. that I (we) agree to furnish such additional information with respect such this Claim Form as Co-lead Counsel, the Claims Administrator, or the Court may require;

8. that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

9. that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10.  that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it is (they are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it is (they are) no longer subject to backup withholding.  **If the IRS has notified the Claimant(s) that he/she/it is (they are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                                    Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                                 Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                                           Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant.)

## REMINDER CHECKLIST

1.  Sign the above release and certification.

2.  Attach only **copies** of acceptable supporting documentation. Do not send originals, as these documents will not be returned to you.

3.  Do not highlight any portion of the Proof of Claim or any supporting documents.

4.  Keep copies of the completed Proof of Claim and documentation for your own records.

5.  If you would like acknowledgment of the receipt of your Proof of Claim by the Claims Administrator, please send it by certified mail, return requested, or its equivalent. **No other formal acknowledgment will be provided, and you will bear all risks of delay or non-delivery of your claim.**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims

Page 7

Administrator.

    7.   If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at **info@strategicclaims.net**, or by toll-free phone at **(866) 274-4004**, or you may visit the Claims Administrator's website **www.strategicclaims.net/Braskem**.

Braskem S.A. Securities Litigation
Strategic Claims Services
600 N. Jackson St., Suite 205
P.O. Box 230
Media, PA 19063

DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

Exhibit A-4

Braskem S.A. Securities Litigation

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

c/o Strategic Claims Services
600 N. Jackson Street., Suite 205
Media, PA 19063

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

Important Notice authorized by
the United States District Court
for the District of New Jersey

*This Notice may affect your*
*legal rights.*

[NAME 1]
[NAME 2]
[NAME 3]

*Please read it carefully.*

[ADDRESS 1]
[ADDRESS 2]

*You may be entitled to a*
*payment.*

*Coutinho v. Braskem S.A., et al., 2:20-cv-11366-CCC-ESK*

*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT*
WWW.STRATEGICCLAIMS.NET/BRASKEM *FOR MORE INFORMATION.*

The United States District Court for the District of New Jersey (the "Court") has preliminarily approved a proposed Settlement of claims brought against Braskem S.A. ("Braskem"), Roberto Lopes, Pontes Simões, Fernando Musa, and Pedro Van Langendonck Teixeira De Freitas (collectively, "Defendants"). This proposed Settlement would resolve the lawsuit in which Lead Plaintiff alleges that the Defendants violated federal securities laws by issuing untrue or materially misleading information that artificially inflated the price of Braskem American Depositary Receipts ("ADRs"). The Defendants deny any wrongdoing. The Settling Parties disagree on both liability and damages.

You are receiving this Notice because you or someone in your family may have purchased or acquired Braskem ADRs during the period from March 21, 2019 through July 8, 2020, both dates inclusive ("Class Period"), and thus you may be a member of the settlement class (the" Settlement Class") consisting, with certain exceptions, of all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs during the Class Period. If the Settlement is approved, a Settlement Fund of $3,000,000 in cash, less attorneys' fees and expenses, will be used to pay Settlement Class Members who submit valid Proof of Claim and Release Forms ("Proof of Claim"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation and Agreement of Settlement and obtain a copy of the detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and Proof of Claim by visiting the website: www.strategicclaims.net/Braskem. You may also request copies of the Notice and Proof of Claim from the Claims Administrator by: (1) mail: Braskem S.A. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063; (2) phone: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To be considered for recovery, you must submit a Proof of Claim. *PROOFS OF CLAIM MUST BE SUBMITTED BY_____, 202_, TO THE CLAIMS ADMINISTRATOR AT BRASKEM S.A. SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, 600 N. JACKSON STREET, SUITE 205, P.O. BOX 230, MEDIA, PA 19063, OR ELECTRONICALLY AT WWW.STRATEGICCLAIMS.NET.* If you do not want to be legally bound by the Settlement and want to retain the right to sue the Defendants on your own regarding the legal claims in this case, you must request exclusion by_____, 202_. If you exclude yourself, you will not be eligible for recovery under the Settlement. If you do not like any part of the Settlement and would like to tell the Court why it should not be approved, you must file an

*Coutinho v. Braskem S.A., et al., 2:20-cv-11366-CCC-ESK*

*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT. PLEASE VISIT*
WWW.STRATEGICCLAIMS.NET/BRASKEM *FOR MORE INFORMATION.*

objection by _____, 202_. The detailed Notice explains how to exclude yourself or object. *If you do nothing, all of your claims against the Defendants will be released, but you will not receive money from this Settlement.*

The Court will hold a hearing in this case on _____, 202_ at _:_ _.m. at the Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Courtroom MLK 5B, Newark, NJ 07102 to consider whether the Settlement is fair, reasonable, and adequate; to hear objections; and to consider Co-lead Counsel's request for attorneys' fees of up to 33% of the Settlement Fund and expenses. You may attend the hearing and ask to be heard by the Court, but you do not have to. For more information, contact the Claims Administrator at (866) 274-4004 or visit the website, www.strategicclaims.net.