# EXHIBIT F

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MATSUKAWA CO., LLC (n/k/a MATSUKAWA CO., LTD), individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRASKEM S.A., ROBERTO LOPES PONTES SIMÕES, FERNANDO MUSA, and PEDRO VAN LANGENDONCK TEIXEIRA DE FREITAS,<br><br>Defendants. | Case No. 2:20-cv-11366-CCC-ESK<br><br>Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. Edward S. Kiel, U.S.M.J. |

**DECLARATION OF LEAD PLAINTIFF MATSUKAWA CO., LLC IN SUPPORT OF MOTION FOR FINAL APPROVAL OF THE SETTLEMENT, AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES, AND REIMBURSEMENT OF TIME FOR LEAD PLAINTIFF**

I, Carlo Gemignani, on behalf of Matsukawa Co., LLC, hereby declare, under the penalty of perjury, as follows:

1.    I am the representative of Court-appointed Lead Plaintiff in this action. I reside in Italy.

2.    I submit this declaration in support of the final approval of the proposed Settlement, an award of Lead Counsel's attorneys' fees and reimbursement of expenses (as set forth in the memorandum of law in support of the motion for attorneys' fees and expenses), and an award of $5,000 to reimburse me for the time I spent representing the Class and assisting Lead Counsel in achieving the Settlement for the Class. The statements contained herein are based upon my personal knowledge and upon information made available to me in my official capacity.

**A.    Background**

3.    I am a Director at Bristen Partners SA, and am the representative of Matsukawa Co., LTD in this action.  I have more than 10 years of investing experience.

4.    In September 2020, prior to moving for appointment as lead plaintiff in the above-captioned lawsuit, I contacted Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") to discuss my client's legal rights and options under the U.S. federal securities laws to recover the substantial losses it suffered from its

investments in Braskem, S.A. ("Braskem"). I have been in regular contact with Wolf Haldenstein since September 2020.

5.      I moved for appointment as lead plaintiff on October 26, 2020. Three other shareholders also moved. My motion was not challenged by another movant, and I was deemed the most adequate movant by the Court and appointed as Lead Plaintiff on January 15, 2021.

6.      During the class period Matsukawa purchased shares of Braskem common stock.   Matsukawa suffered substantial losses as a result of the misstatements and omissions during the Class Period that are alleged in this case. For that reason, I was highly motivated to work with Lead Counsel to see that the recovery was maximized for my client and all Class members.

**B.      The Litigation of the Action**

7.      I carefully monitored and was involved in the prosecution of the Action and supervised the activities of Wolf Haldenstein on behalf of the Class. Among other things, I: (i) reviewed the amended complaint and opposition to Defendants' motion to dismiss; (ii) communicated with Wolf Haldenstein regarding developments in the Action; (iii) participated in settlement negotiations; and (iv) reviewed and approved the terms of the Settlement.

8.      No major decisions were made by Lead Counsel in this case without my approval, including the decision to enter the Settlement.

## C. Settlement Discussions

9.    I believe I am well-positioned and qualified to evaluate the reasonableness and adequacy of the Settlement in this Action.

10.    On August 9, 2022, after over four months of settlement discussions, the parties reached an agreement in principle to settle the Action for $3 million. I approved this agreement and authorized Lead Counsel to enter the Settlement.

11.    Based on my involvement in this Action, I strongly endorse the Settlement and believe it provides a very good result for the Class.

## D.    The Plan of Allocation

12.    Based on the explanation of the analysis of the proposed Plan of Allocation completed by Lead Counsel's retained financial consultant in the Action, I endorse the proposed Plan of Allocation. I understand from my communications with Wolf Haldenstein that the Plan of Allocation represents a fair and reasonable method for valuing claims submitted by members of the Class, and for distributing the Net Settlement Fund to members of the Class who submit valid and timely Claim Forms.

## E.    Lead Counsel's Fee and Expense Application

13.    As a Lead Plaintiff, I take seriously my role to ensure that the attorneys' fees are fair in light of the result achieved for the Class and reasonably compensate

3

Lead Counsel for the work involved and substantial risks they undertook in litigating the Action on a fully contingency-fee basis.

14. I endorse the application for attorneys' fees of 33 1/3% of the Settlement.

15. I understand that this fee payment, if approved by the Court, will cover all other Plaintiffs' Counsel who contributed to the prosecution of the Action at the direction of Lead Counsel. I believe that such approval is warranted as the payment represents a fair and reasonable fee to Plaintiffs' Counsel for their efforts in assisting the prosecution of the Action.

16. I also believe that the litigation expenses being requested for reimbursement were necessary for the prosecution and successful resolution of the Action. Therefore, I also endorse the application by Plaintiffs' Counsel for the reimbursement of their litigation expenses.

**F.     Lead Plaintiff's PSLRA Reimbursement Application**

17. I personally spent at least 20 hours representing the Class, including by: (i) gathering relevant documents for my motion to be appointed as lead plaintiff: (ii) reviewing the amended complaint and opposition to Defendants' motion to dismiss; (iii) communicating regularly with Wolf Haldenstein regarding strategy and developments in the Action; (iv) participating in settlement negotiations; and (v)

4

reviewing and approving the Settlement. My normal hourly rate is at least $250. Thus, the value of my time spent on this case is at least $5,000.

18.    In light of the work I performed in the fulfillment of my fiduciary obligations to the Class, I believe that my requested reimbursement of $5,000 is fair and reasonable and warrants this Court's approval.

**CONCLUSION**

19.    Accordingly, I respectfully request that the Court approve the Settlement, the Fee and Expense Application, and the requested reimbursement for the time I spent on this case and helping to achieve this settlement.

20.    I, Carlo Gemignani, on behalf of Matsukawa Co., LTD, declare, pursuant to 28 U.S.C. §1746, under the penalty of perjury under the laws of the United States of America that the foregoing is true.

Executed this 1st day of April, 2023

_____
Carlo Gemignani o/b/o
MATSUKAWA CO., LTD