# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATSUKAWA CO., LLC (n/k/a MATSUKAWA CO., LTD), individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>BRASKEM S.A., ROBERTO LOPES PONTES SIMÕES, FERNANDO MUSA, and PEDRO VAN LANGENDONCK TEIXEIRA DE FREITAS,<br><br>    Defendants. | Case No. 2:20-cv-11366-CCC-ESK<br><br>Hon. Claire C. Cecchi, U.S.D.J.<br>Hon. Edward S. Kiel, U.S.M.J. |

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came for hearing on _____ (the "Final Approval Hearing"), on the application of Lead Plaintiff and Defendants (defined below), to determine whether the terms and conditions of the Stipulation and Agreement of Settlement ("Settlement" or "Stipulation") filed with this Court on December 15, 2022 are fair, reasonable, adequate, and in the best interest of the Settlement Class Members for the settlement of all claims asserted by Lead Plaintiff, Matsukawa Co. Ltd. ("Lead Plaintiff"), on behalf of itself and the Settlement Class, against Defendants Braskem, S.A. ("Braskem" or the "Company"), Roberto Lopes Pontes Simões, Fernanda Musa, and Pedro Van Langendonck Teixeira de Freitas (together the "Defendants") in the above-captioned Action, and should be approved; and whether Judgment should be entered dismissing the Action with prejudice and releasing the Settlement Class Members' Released Claims against all Released Parties.

The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. This Judgment hereby incorporates by reference the definitions in the Settlement Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlement Stipulation.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies this Action as a class action, for purposes of this Settlement only, with a Settlement Class defined as all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs between March 21, 2019 through July 8, 2020, inclusive. Excluded from the Settlement Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Braskem during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Braskem ADRs through or on behalf of any such excluded persons or entities. Also excluded from the Settlement Class are those persons that have validly and timely requested exclusion from the Settlement Class as listed on Exhibit 1 hereto.

4. With respect to the Settlement Class, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and their counsel have fairly and

3

adequately represented and protected the interests of all the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of any action concerning the controversy already commenced by members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the litigation.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally appoints Lead Plaintiff as class representative for the Settlement Class, and finally appoints Bernstein Liebhard LLP and Wolf Haldenstein Adler Freeman & Herz LLP as Co-Lead Counsel for the Settlement Class.

6.      Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort in accordance with the terms of the Settlement and the Court's Preliminary Approval Order. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process; Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; the Constitution of the United States (including the Due Process clause); and any other applicable law.  Such notice was the best notice practicable under the circumstances and constituted sufficient notice to all persons and entities entitled thereto.

7.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of the Settlement, and of their right to object thereto, and that a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the Settlement.  Accordingly, it is hereby determined that all Settlement Class Members, other than those persons and entities that are listed on Exhibit 1 hereto, are bound by this Judgment.  In addition, the Court finds that Defendants served notice of the Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b), ("CAFA") as required by CAFA.

8.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class Members.  This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation and Agreement of Settlement, dated December 15, 2022 (the "Settlement").

9.      The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense, and settlement of the Action.

10.      The Action and all Released Claims are dismissed with prejudice. The Settling Parties are to bear their own costs, except for the payments expressly provided for in the Settlement.

11.     Upon the Effective Date, Lead Plaintiff, and each Settlement Class Member, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors, and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Claims against the Released Parties; and (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

12.     Upon the Effective Date, each of the Defendants, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors, and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Settled Defendants' Claims; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Defendants' Claims; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or

6

entity who may claim any form of contribution or indemnity from Lead Plaintiff, any Settlement Class Member, or Co-Lead Counsel in respect of any Settled Defendants' Claim.

13.     Upon the Effective Date, except as provided in ¶ 14 below, this Order will permanently bar, extinguish, and discharge any and all claims, actions, suits, cause of action, or demands by any person against the Released Parties, whether for contribution or indemnification or however styled, where the alleged injury consists of or arises from the plaintiff's liability to the Settlement Class or any Settlement Class Member for a claim arising out of or related to the allegations in the Action. Further:

a.     Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

b.     The Released Parties shall be barred from bringing any claim for contribution or indemnification arising out of or related to any Released Claim against any person, other than a person whose liability has been extinguished by the Settlement.

c.     Notwithstanding anything to the contrary herein, the Bar Order shall not apply to: (i) any claims the Defendants or any other Released Party may have against any insurance carrier for advancement of legal fees or indemnification, or (ii) any claims by a Defendant against any party whose liability to the Settlement Class or any Settlement Class Member for a Released Claim has been extinguished by the Settlement.

7

14.     Notwithstanding any of the releases or the Bar Order above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Settlement, the Preliminary Approval Order, or this Judgment.

15.     The fact and terms of the Settlement, including all exhibits thereto, this Judgment, all negotiations, discussions, drafts, and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

a.     shall not be offered or received against the Released Parties, Lead Plaintiff, or any member of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties, or by Lead Plaintiff or any member of the Settlement Class with respect to, the truth of any fact alleged in the Action or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b.     shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff or any member of the Settlement Class;

c.     shall not be offered or received against the Released Parties, Lead Plaintiff, or any member of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, Lead Plaintiff, or

any Settlement Class Members, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that the Released Parties may refer to the Settlement and the Judgment in any action that may be brought against them to effectuate the liability protection granted them hereunder, including, without limitation, to support a defense or claim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law;

d.  shall not be construed against the Released Parties, Defendants' Counsel, Co-Lead Counsel or Lead Plaintiff, or any Settlement Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial or that any damages potentially recoverable under the Complaint would have exceeded or would have been less than the Settlement Amount;

e.  shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff, or any Settlement Class Members or any of them that any of their claims are without merit; and

f.  shall not be construed as or received in evidence as an admission, concession or presumption against the Released Parties that class certification is appropriate in this Action, except for purposes of this Settlement.

16.  The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) implementation and enforcement of the Settlement; (b) the allowance,

disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Judgment, (e) enforcing and administering the Settlement, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

17. The Plan of Allocation submitted by Co-Lead Counsel, as described in the Notice and in accordance with ¶ 22 of the Settlement, is hereby approved as fair, reasonable and adequate. Any order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.

18. In the event that the Settlement does not become effective in accordance with its terms, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and shall be vacated to the extent provided by the Settlement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and Lead Plaintiff, and Defendants reserve their rights to proceed in all respects as if this Settlement had not been entered into and without any prejudice in any way from the negotiation, fact or terms of this Settlement.

19. Without further Order of the Court, the parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Settlement.

20.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

21.     Plaintiffs' Counsel are hereby awarded $[  ], or [  %] of the Settlement Amount in fees, which the Court finds to be fair and reasonable, and $[  ] in reimbursement of out-of-pocket expenses. The Lead Plaintiff is hereby awarded $[   ], which the Court finds to be fair and reasonable. All amounts awarded by the Court in this paragraph are to be paid from (and out of) the Settlement Fund.

IT IS SO ORDERED.

Dated:_____                    _____
                                                 THE HONORABLE CLAIRE C. CECCHI
                                                 UNITED STATES DISTRICT JUDGE