UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
MATSUKAWA CO. LLC,                    .
                                      .
        Plaintiff,                    .
                                      . Case No. 20-cv-11366
vs.                                   .
                                      . Newark, New Jersey
BRASKEM S.A., et al.,                 . May 3, 2023
                                      .
        Defendants.                   .
                                      .
```

TRANSCRIPT OF SETTLEMENT HEARING
BEFORE THE HONORABLE EDWARD S. KIEL
UNITED STATES MAGISTRATE JUDGE

This transcript has been reviewed and revised in accordance with L. Civ. R. 52.1.

APPEARANCES (the parties appeared in person):

For the Plaintiff:      LISA J. RODRIGUEZ, ESQ.
                        Schnader Harrison Segal & Lewis LLP
                        Woodland Falls Corporate Park
                        220 Lake Drive East, Suite 200
                        Cherry Hill, NJ 08002-1165
                        (856) 482-5222
                        ljrodriguez@schnader.com

                        JOSEPH R. SEIDMAN, JR., ESQ.
                        Bernstein Liebhard LLP
                        10 East 40th Street
                        New York, New York 10016
                        (212) 779-1414
                        seidman@bernlieb.com


Audio Operator:

Transcription Service:   KING TRANSCRIPTION SERVICES
                         3 South Corporate Drive, Suite 203
                         Riverdale, NJ  07457
                         (973) 237-6080


Proceedings recorded by electronic sound recording; transcript produced by transcription service.

(APPEARANCES continued)


For the Plaintiff:        MATTHEW M. GUINEY, ESQ.
                          Wolf Haldenstein Adler
                          Freeman & Herz LLP
                          270 Madison Avenue
                          New York, NY 10016
                          (212) 545-4600
                          guiney@whafh.com


For the Defendants:       DAVID A. LUTTINGER, ESQ.
                          Covington & Burling LLP
                          The New York Times Building
                          620 Eighth Avenue
                          New York, NY 10018
                          (212) 841-1000
                          dluttinger@cov.com

                          MARK P. GIMBEL, ESQ.
                          Covington & Burling LLP
                          The New York Times Building
                          620 Eighth Avenue
                          New York, NY 10018
                          (212) 841-1161
                          Mgimbel@cov.com

(Commencement of proceedings)

THE COURT:  All right.  We're on the record in Matsukawa Company LLC v. Braskem S.A.  It's Case Number 20-cv-11366.

Can I have the appearance on behalf of plaintiff, please.

MS. RODRIGUEZ:  Good afternoon, Your Honor.  Lisa Rodriguez from Schnader Harrison on behalf of plaintiffs and the class.

THE COURT:  Do you want to introduce your colleagues or -- go ahead.

MS. RODRIGUEZ:  No.  They can do it.

MR. SEIDMAN:  Good afternoon, Your Honor.  Joe Seidman, Bernstein Liebhard, also on behalf of plaintiffs and the class.

MR. GUINEY:  Good afternoon, Your Honor.  Matthew Guiney from Wolf Haldenstein also on behalf of the class.

THE COURT:  Okay.  And on behalf of defendants.

MR. GIMBEL:  Good afternoon, Your Honor.  Mark Gimbel of Covington & Burling on behalf of the Braskem defendants.

MR. LUTTINGER:  And good afternoon, Your Honor.  David Luttinger, also with Covington, on behalf of the defendants.

THE COURT:  All right.  Very good.  Thank you very much.  Good afternoon.  We're on the record in the civil matter, 20-cv-11366.

And this is the lead plaintiff Matsukawa Company Ltd. on behalf of itself and others similarly situated against the following defendants:  Braskem, S.A., which is organized under the laws of Brazil and located in Brazil; Roberta Lopes Pontes Simoes, who is Braskem's chief executive officer; Fernando Musa, who is Braskem's chief executive officer -- or former chief executive officer; and Pedro Van Langendonck Teixeira de Freitas -- I hope I pronounced everybody's name correctly -- who is Braskem's chief financial officer.

So we're here for a final approval hearing that was scheduled for today in my order of January 18th, 2023, at ECF Number 63, and my order of April 17th, 2023, at ECF Number 72.

Here, defendants are accused of violating federal security laws, specifically § 10(b) and 20(a) of the Exchange Act found at 15 U.S.C. § 78j(b) and 78t(a) and Rule 10(b)(5) promulgated thereunder under 17 C.F.R. 240.10b-5 by those who purchased or otherwise acquired a legal or beneficial ownership interest in American Depository Receipts, also known as ADRs, from Braskem between March 21st, 2019, through July 8th, 2020, inclusive.  ADRs are certificates issued in

the United States representing shares of a foreign company for trade on American stock exchanges.

It is alleged in this case that the prices of the ADRs were artificially inflated due to materially misleading statements made by Braskem regarding its liability relating to whether its mining activities at its salt mines in Brazil caused the ground to subside and become unstable, which forced nearby residents to vacate their homes and businesses.

On July 9th, 2020, Braskem disclosed that it would pay much more in damage in connection with the ground subsidence than it had earlier stated.

Pending before me today are the joint applications for, first, final approval of the class action settlement at ECF Number 68 and ECF Number 73; second, approval of the class representative services award, also at ECF Number 68 and 73; and, third, an award of attorneys' fees and reimbursements of expenses at ECF Number 67 and 73.

The parties consented on April 10th at ECF Number 71 to my jurisdiction to resolve the applications. However, the parties have not yet consented to my jurisdiction over the entire case, although we did discuss that off the record before this conference.

As I directed in my order dated January 18th, 2023, at ECF Number 63 where I granted preliminary approval to the settlement of this class action, this hearing is being

conducted in person in my courtroom.  And we've already had the appearances of counsel.

And I would ask plaintiff's counsel if there's anything to add beyond the extensive briefing that's already been provided?

MR. GUINEY:  No, Your Honor.  Matthew Guiney on behalf of the class.  We have nothing further.

THE COURT:  Okay.

And on behalf of defendants, anything further?

MR. GIMBEL:  Nothing to add, Your Honor.

THE COURT:  All right.  Thank you, everybody.

So just looking around the courtroom, we only have counsel, my one law clerk, and my courtroom deputy.

We do have someone in the -- in the gallery.

With you here to make any objection or any comment?

MALE SPEAKER:  No --

THE COURT:  Thank you.

Thank you very much.

So as I advised counsel prior to going on, it's just going to take me a few minutes to read it, and I apologize for droning on, but I wanted to get it on the record so we could move on quickly with this.

So the affidavit of Josephine Bravata from the claims administrator Strategic Claims Services was filed at ECF Number 67-9.  In that affidavit, Ms. Bravata has

confirmed the dissemination of the settlement class notice to 5,043 potential class members and their nominees, using information provided by Braskem's transfer agent and from Strategic Claims Services' own proprietary lists of brokerage firms, banks, mutual funds, insurance companies, pension funds, money managers, customers and other institutions.

Out of the 5,043 notices mailed, only 197 were returned as undeliverable.  Of those 197, 15 were mailed to forwarding addresses provided by the postal service, and 40 more were mailed to updated addresses located by other means.

In addition, a nominee advised Strategic Claims Services that it emailed settlement notices to 3,453 of its clients, bringing the total number of notices to 8,496.

Also, notices were published in the publication Investor's Business Daily and PR Newswire.

As stated by plaintiff's counsel, Mr. Guiney, in his declaration dated April 5th, 2023, and filed at ECF Number 67-2, at ECF page Number 14 and paragraph -- at paragraphs Number 38, and I quote, "Lead counsel and Strategic Claims Services have received no objections to the settlement fee and expense or requested reimbursement of time to lead plaintiff and no exclusion from the class."

Ms. Bravata reiterated this fact in her declaration at ECF Number 67-9 at page 6 at paragraph 14.

Further, plaintiff's counsel advised on April 26th,

2023, at ECF Number 73 at page 2 that "There is not a single request for exclusion from the settlement."  In fact, Ms. Bravata reports in a supplemental declaration filed at ECF Number 73, page 1 at page 4 that she received 4,894 claims as part of the settlement."

It's a pretty good number.

To the extent anyone wanted to be heard, they certainly had their opportunity to do so.  They could file an objection to the docket or appear in court today.

I note that -- before, there's no one present in the courtroom other than myself, my law clerk, the courtroom deputy, and the counsel to the parties, and one person in the gallery, who has advised that he has not here to comment or object to the settlement.

I've reviewed the papers submitted in support of the application, to the extent that it concerns final approval of the class settlement.  And I have considered the Girsh factors found at Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975).

The first -- the Girsh factors are applicable to federal security class actions as the Third Circuit has held in In re AT&T Corporation, 455 F.3d 160, 164 (3d Cir. 2006).

Upon that review and upon hearing the presentations of plaintiff's counsel through their briefing, I find that plaintiffs have met the requirements under Rule 23 in that

settlement -- in that the settlement is fair, reasonable, and adequate.

The settlement is a product of extensive and intensive arms'-length settlement discussions between parties after nearly three years of litigation. First, the settlement is a compromise for both sides, and it avoids the risk of a negative outcome for either side if the matter were to proceed to trial, given the nature of this dispute, the case could have proceeded for several more years through further motion practice and appellate practice, if it were not resolved in this fashion.

Second, as I stated earlier, there was no objection to the settlement, so the second Girsh factor favors approval of the settlement.

The third factor, that is considering the stage of the proceedings and the amount of discovery completed, clearly favors approval of the settlement. The case has been vigorously litigated with the parties actively engaging in motion practice. For instance, the parties filed parties in support and in opposition to a motion to dismiss between June 2021 and October 2021 at ECF Numbers 42, 46, and 47. The litigation is at a proper point for a settlement.

In conjunction with the fourth factor concerning the risk of establishing liability, the Third Circuit favors settlement in view of a realistic assessment of the potential

for recovery when, as here, defendants (A) continue to deny liability; (B) to deny that they misled investors intentionally or with an extreme recklessness; and (C) to demonstrate a willingness to continue the litigation if not for the agreeable settlement.

In response to what would have been plaintiffs' inevitable motion to certify the class, defendants would have certainly opposed and then moved for summary judgment, which would have involved costly expert discovery and additional related motion practice.

As to the fifth, sixth, and seventh Girsh factors, the parties agree that the settlement amount for the class in the amount of $3 million, which, the parties argue, represents approximately 16.9 percent, I think it is, of the 17.7 million in maximum damages potentially at risk here is a more than fair result and is a potentially better result than is likely to be awarded to the class at trial.

Further, they agreed that the risks and expenses of litigation of maintaining the class have been mutually avoided.  Also the risk of Braskem experiencing a financial blow in the form of a large judgment after the expense of trial and appellate practice as well as further damages to its reputation are negated.

As to the eighth and ninth Girsh factors, this case has been litigated and settled by experienced counsel who

have proven themselves to be independent and more than competent in representing their clients and the only burden to be faced by this Court in scheduling a trial has been avoided.

Therefore, I find the settlement fund to be reasonable in light of the best possible recovery to be expected in this case and in view of the attendant risk associated with the continued litigation.

As to the notice to the class, which involved the procedure of which I approved in my order dated January 18th, 2023, I reviewed the settlement administrator's affidavit and find, again, that the procedure and now the actual notice to the settlement class was fulsome, appropriate, and reasonably calculated under the circumstances to apprise interested persons of this settlement and present objections.

Finally, nothing has been presented to me to indicate that the factors under Rule 23 have not been met, which mirrors my findings in the January 18th, 2023, order at ECF Number 63.  The moving papers in support of the application for final approval again set forth why the factors have within met.

Therefore, I conclude the Rule 23 factors have been met.

Also, I will approve the incentive award of $5,000 to Carlos Gemignani on behalf lead plaintiff Matsukawa

Company Ltd. to acknowledge the continued participation to protect the interests of the class over the course of nearly three years of litigation.  The incentive award is also permissible under 15 U.S.C. § 78u-4(a)(4).  There has been no objection filed as to the motion for attorneys' fees.  The amount of attorneys' fees sought is $1 million which represents one third of the total settlement.  Costs and expenses are sought in the amount of $39,434.36, which include expenses for an investigator in Brazil, a Portuguese translator, and consultants.

I believe that those numbers are correct, and we checked those off the record.  And they will be incorporated into the record.

It has also been noted that "securities litigation is tough stuff."  West Palm Beach Police Pension Fund v. DFC Global Corporation, 13-06731, 2017 WL 4167448 at *8 (E.D. Pa. September 20, 2017), wherein the district court approved of a settlement in a securities action case.

With that in mind, I have reviewed the hourly rates and the time entries and conclude that they are reasonable and necessary for this case.  I also give deference to the agreements between the parties, which was achieved in good faith and as arm's length.

Plaintiff's counsel has also advised in the papers that traditional hours and resources -- that additional hours

and resources will be expended in shepherding the claims process, but no additional compensation will be sought for that work.

Plaintiff also provided a lodestar report as ECF Number 67-2 that they have expended -- I'm sorry -- 1,413.5 hours in this case, which would otherwise amount to attorneys' fees at their usual rate of $1,030,414.50.  But instead they seek the lesser amount of $1 million.

All of the foregoing makes the fee award reasonable when I view the years of experience possessed by plaintiffs' counsel in complex security class actions as well as the risk of nonpayment that plaintiffs' counsel face if this litigation had ended in favor of defendants, who are represented also by well and able counsel.

It has been a pleasure working with counsel.  And I know that our work is not completely done in this case.  But I want to commend counsel for really working out a reasonable settlement and working hard and being cordial to each other and pleasant to each other.

All counsel have been professional, while hard-working, responsible, and most important, respectful and decent to each other and to the Court.  They worked hard and did what was expected, and there's -- but they were firm -- fair but firm in representing the interests of their respective clients.

So it's my ruling that the final approval of the proposed settlement be granted and class counsel's reasonable consist for an attorney -- award of attorneys' fees costs and requests for incentive award, the class representatives to be approved in the amount requested.

I will enter the proposed order incorporating this decision.  And I provided a sheet with certain changes that were going to be made to the proposed form of order.  And I ask that counsel, if there's any objection to that or any concerns that, please, call my chambers.

And with those modifications, we're going to enter the order.

However, because the parties have not consented to my full jurisdiction in this case, I am unable to dismiss the case and terminate the case from the activity docket.  I did talk to counsel off the record that if they would like me to handle it all the way through, that they could file a Form AO 85, that would permit me to have authorization all the way to the end.

If they choose not to, then I would direct the parties to enter -- or file a proposed form of order for District Judge Cecchi's signature by May 17th, 2023, which is 14 days from today, which will, first, reiterate the proposed settlement, fees, and incentive awards have been granted on consent; and, second, contain a decretal paragraph providing

the case should be dismissed with prejudice but that the Court shall retain exclusive jurisdiction and continued jurisdiction over the matter and all parties to interpret and enforce the terms, conditions, and obligations of the settlement agreement.

So I'll enter the order probably today.  Please do take a look at it.

Well, why don't we enter it tomorrow.  Please do look at the modifications that I provided to you.  And if there's any questions on that, please call our chambers, and we'll -- we can discuss it.

All right.

Anything further for the plaintiff?

MS. RODRIGUEZ:  No, Your Honor.  Thank you very much.

THE COURT:  All right.

Anything further for the defendant?

MR. GIMBEL:  No, Your Honor.  Thank you.

THE COURT:  All right.  Thank you very much.  We're off the record.

(Conclusion of proceedings)

|Settlement Hearing
|20-cv-11366, May 3, 2023                                              16
|Certification

Certification

I, SARA L. KERN, Transcriptionist, do hereby certify that the 16 pages contained herein constitute a full, true, and accurate transcript from the official electronic recording of the proceedings had in the above-entitled matter; that research was performed on the spelling of proper names and utilizing the information provided, but that in many cases the spellings were educated guesses; that the transcript was prepared by me or under my direction and was done to the best of my skill and ability.

I further certify that I am in no way related to any of the parties hereto nor am I in any way interested in the outcome hereof.

s/ *Sara L. Kern*                         25th of May, 2023

_____    _____

Signature of Approved Transcriber              Date

Sara L. Kern, CET**D-338
King Transcription Services
3 South Corporate Drive, Suite 203
Riverdale, NJ  07457
(973) 237-6080