# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATSUKAWA CO., LLC (n/k/a MATSUKAWA CO., LTD), individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BRASKEM S.A., ROBERTO LOPES PONTES SIMÕES, FERNANDO MUSA, and PEDRO VAN LANGENDONCK TEIXEIRA DE FREITAS,<br><br>Defendants. | Case No. 2:20-cv-11366-ESK |

**ORDER GRANTING UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUND**

IT IS HEREBY ORDERED THAT:

1.  Plaintiff's Unopposed Motion for Distribution of Class Settlement Fund (**ECF No. 79**) is **GRANTED**.

2.  The funds that are currently in the Net Settlement Fund[1] (less any necessary amounts to be withheld for payment of tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants as set forth in the Declaration of Josephine Bravata Concerning the Distribution of the Net Settlement Fund ("Bravata Declaration"). The funds shall be distributed pursuant to the Stipulation and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action.

3.  The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation, and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund (including, but not limited to Plaintiffs' Counsel and Strategic Claims Services, the court-appointed Claims Administrator) are released and discharged from any and all claims arising out of such involvement,

---

[1] Unless otherwise defined, capitalized terms herein have the same meanings attributed to them in the Stipulation and Agreement of Settlement (the "Stipulation").

1

and all Class Members are barred from making any further claims against the Net Settlement Fund or the Released Parties beyond the amount allocated to them pursuant to this Order.

4. In order to encourage Settlement Class Members to cash their distribution checks promptly, and to avoid or reduce future expenses relating to unpaid distribution checks, all checks should bear the notation, "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Similarly, all other checks issued in connection with subsequent distributions shall bear the same notation.

5. If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Claimants; (ii) second, to pay any additional Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Settlement Class Members who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in

administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to the Consumer Federation of America. See www.consumerfed.org.

6. Settlement Class Members who do not cash their distribution checks within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown. The funds allocated to all such stale-dated checks will be available for re-distribution to other Settlement Class Members in subsequent distributions, if such distributions are determined to be economically feasible.

7. SCS is hereby ordered to destroy paper and electronic copies of documents one (1) year after all funds have been distributed.

8. This Court retains jurisdiction over any further application or matter which may arise in connection with this action.

Dated: **December 13, 2023**          ___*/s/ Edward S. Kiel*___
                                      Hon. Edward S. Kiel, U.S.M.J.

3